### 6447.  BAKER *v.* THE STATE.

RUSSELL, C. J.  1.  While the confessions or admissions of one joint of-
fender or conspirator, made after the enterprise is ended, are inad--
missible except as against the person making them (Penal Code, § 1035),
yet in the present case it was not error to admit in evidence the state-
ments of which complaint is made, for the reason that the admissions
of the conspirator were made during the pendency of the criminal proj-
ect and before the completion of the acts included within the con-
spiracy and contemplated when the conspiracy was formed. *Rawlins* v.
*State,* 124 *Ga.* 31 (12), 46 (52 S. E. 1). It was admitted by the de-
fendant that the animal alleged to have been stolen was killed by him,
and that his alleged co-conspirator was to sell the meat for him. Con-
sequently the acts and sayings of the alleged co-conspirator in attempt-
ing to carry out the terms of the alleged conspiracy were admissible.
2.  While some of the evidence objected to was probably irrelevant and im-
material, it could not have been prejudicial to the defendant's case,
as the defendant admitted killing the cow alleged to have been stolen
and whose hide was identified in court as the cow which he had en-
deavored to send to Moultrie to be sold, and as the same cow that was
found in the possession of his alleged co-conspirator.
3.  The only real issue before the jury was whether the defendant actually
bought the animal from a person believed by him to be the real owner,
or killed the animal with intent to steal it. This issue was determined
adversely to the defendant's contention; and since there was evidence
sufficient to support the verdict, it was not error to overrule the mo-
tion for a new trial.                            *Judgment affirmed.*

DECIDED OCTOBER 15, 1915.

Indictment for larceny; from Tift superior court—Judge
Thomas. January 15, 1915.

*R. D. Smith, C. C. Hall,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.