32626.   HAWKINS *v.* THE STATE.

DECIDED OCTOBER 27, 1949.   REHEARING DENIED   NOVEMBER 23, 1949.

*Frank S. Twitty, R. R. Forrester,* for plaintiff in error.
*Edward Parrish, Solicitor-General,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ As the conviction in this case depends largely upon the evidence produced at the trial relating to the recent possession by the defendant of the stolen property, the general grounds of the amended motion will be considered in relation to special ground four, which assigns error upon the following charge of the trial court: "The court charges you further in this connection that the recent possession of property under such circumstances would raise the presumption of guilt of the defendant and unless such recent possession be satisfactorily explained, the burden being on the defendant to make such explanation, would authorize you to identify the defendant as the guilty party and convict him."

Counsel for the defendant complains that the above is not a correct principle of law, and that there was no evidence that the defendant had recently been found in possession of the stolen property.

As to the second contention, the testimony of the notary public that, 10 days after the theft, two men came into his office to change over the tag receipt, the testimony of the car dealer that 13 days thereafter the defendant sold him the car, and the testimony of Cook identifying the defendant and himself as the

■

persons who were in the notary's office, plus his testimony that the defendant was driving the stolen car, were sufficient to establish that he had been "recently found in possession of stolen property."

The other complaint as to this charge is that it seeks to make the presumption of guilt arising from recent possession of stolen property not explained to the satisfaction of the jury, a presumption of law rather than one of fact. It is pointed out that in *Gravitt* v. *State,* 114 *Ga.* 841 (40 S. E. 1003, 88 Am. St. R. 63) the part of the charge which stated 'if he fails to account for it to the satisfaction of the jury, the law presumes he is the guilty party" is error. Further, in *Morris* v. *State,* 47 *Ga. App.* 792 (171 S. E. 555) a part of the charge complained of was "such recent possession, if not explained to your satisfaction, would be a circumstance from which you would be authorized to convict him, unless he makes an explanation of his possession consistent with his innocence; and, as I have said, such recent possession raises a presumption of guilt." As to this charge the court held, "That part of the charge which says, 'and, as I have said, such recent possession raises a presumption of guilt' is on the borderland of being erroneous."

In *Holliday* v. *State,* 23 *Ga. App.* 400 (1) (98 S. E. 386), the court held: "The unexplained, or the unsatisfactorily explained possession of stolen goods—the fruits of a recent burglary—raises a presumption of guilt against their possessor. This presumption, however, is one of fact, and not of law. Accordingly, while it is error for the judge, in such a case, to charge the jury, in effect, that such possession raises a presumption of law of the defendant's guilt, it is not error to instruct them merely that such possession raises 'a presumption of his guilt.'" See also a discussion of this point in *Cook* v. *State,* 49 *Ga. App.* 86 (174 S. E. 195).

It therefore appears that the charge of the court on this principle of law is not harmful error, although, as stated in *Morris* v. *State,* supra, the better practice is to charge that the possession by the defendant of stolen goods recently after the commission of the offense "would authorize the jury to *infer* that the accused was guilty, unless he explained his possession to their satisfaction."

The facts in this case authorized the jury to infer the defendant's guilt, both from his possession and from the manner in which he disposed of the property, and therefore the general grounds of the motion for a new trial, as well as special ground four, are without merit.

■ Special ground one complains of the charge of the court relative to conspiracy, on the ground that conspiracy between the defendant and Cook was not sufficiently shown by the evidence to warrant such charge.

" 'To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it.' *Holland* v. *Long*, 57 *Ga.* 36, 41 (3); *Sovereign Camp W.O.W.* v. *McDaniel*, 20 *Ga. App.* 430 (93 S. E. 105); *Bullard* v. *Metropolitan Life Insurance Co.*, 31 *Ga. App.* 641 (3) (122 S. E. 75); *Orange Crush Bottling Co.* v. *Smith*, 35 *Ga. App.* 92 (132 S. E. 259) . . 'Where there is some evidence to show the existence of a certain state of facts, it is not error for the court to charge in reference thereto simply because the great preponderance of evidence tends to show that the supposed state of facts did not in truth exist.' *Lyles* v. *State*, 130 *Ga.* 294 (8) (60 S. E. 578)." *Randall* v. *State*, 73 *Ga. App.* 354, 371 (36 S. E. 2d, 450).

The evidence authorized the charge of which complaint is here made.

■ Ground 2 of the amended motion for a new trial complains that the trial court, in giving in charge the law relative to conspiracy, did not, without request, charge that the acts and sayings of fellow conspirators would not be admissible in evidence against the defendant after the criminal project was ended. Counsel for the defendant contends that the statements of R. O. Cook, the State's witness, referred entirely to acts which had taken place subsequently to the theft of the automobile, and were for that reason not admissible.

This contention is without merit. Cook's testimony related in substance to the circumstances under which he wrote the name "Earl Walker" on the back of the tag receipt. This evidence would have been admissible in any case as a circumstance tending to show that the defendant was aware when he sold the car

that he had not bought it, as he claimed, from Earl Walker. However, taking the view that it tended to show conspiracy between the parties, or that it was a declaration of a fellow conspirator, it was still admissible since it appears that the criminal enterprise had not then ended.

As was stated in *Smith* v. *State*, 47 *Ga. App.* 797, 802 (171 S. E. 578), "declarations made by one of the alleged conspirators after the commission of the crime contemplated by the conspiracy is admissible only against the one who makes it, and  .  . it must be considered as mere narrative of past occurrences as to the others;  .  . but it is also true that proof that a crime has been committed does not necessarily prove the end of the conspiracy so as to render acts and declarations of conspirators after that time inadmissible against other conspirators, for the conspiracy may be kept open for various purposes."

In the instant case, assuming, though not deciding, that there may have been a conspiracy to steal the car in question, the criminal enterprise did not end with the actual theft of the car, but acts done pending the enterprise such as the necessary concealment of the proper identification of the vehicle in order that it might be sold and converted into cash would also be a part of the conspiracy. See *Baker* v. *State*, 17 *Ga. App.* 279 (86 S. E. 530), where it was held that the conspiracy did not end with the stealing and killing of a certain animal and, where one of the conspirators thereafter, and pursuant to the plan, was engaged in marketing meat after the animal had been butchered by his confederates, this was all a part of the same transaction. There being no proof as to when the conspiracy, if one existed, might have terminated, the failure to give such charge without request was not error.

■ Special ground 3 complains of the failure to charge, without request, the principal of law regarding the defense of alibi.

The record supported the defense of alibi only by the defendant's statement. In *Sheffield* v. *State*, 15 *Ga. App.* 514 (3) (83 S. E. 871) it was held as follows: "Where the defense of alibi is distinctly made only by the defendant's statement, it is not error for the trial judge to omit instructions thereon, in the absence of a written request. *Watson* v. *State*, 136 *Ga.* 236 (5), 239 (71 S. E. 122) ; *Brundage* v. *State*, 14 *Ga. App.* 460 (81 S. E. 384)."

It was therefore unnecessary in this case, in the absence of a written request, to charge as to the law of alibi.

The action of the trial court in overruling the defendant's motion for a new trial, as amended, is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*