*Attorney*, for appellee.

### 69561. LOYD v. HENRY.
(329 SE2d 195)

SOGNIER, Judge.

Martha Loyd brought this action against Glen Henry for personal injuries sustained in an automobile collision. The jury found in favor of Henry and Loyd appeals.

1. Appellant contends the trial court erred by charging the jury on legal accident. A charge on accident was authorized because there was evidence to support a finding that the collision took place in the absence of negligence and was due solely to the slick road conditions. *Chadwick v. Miller*, 169 Ga. App. 338, 344 (1) (312 SE2d 835) (1983); *Reed v. Heffernan*, 171 Ga. App. 83, 87 (2) (318 SE2d 700) (1984). However, the trial court's charge also contained a statement defining accident as "a happening which although not freely, not wholly free of *negligence by some person* was not caused by the failure of either party, the Plaintiff or the Defendant, to exercise ordinary care in this situation." (Emphasis supplied.) This part of the charge constituted error under *Chadwick*, supra, in which the majority held that it is error to charge the jury on accident where the negligence of a third party is relied upon defensively. *Chadwick*, supra at 344. Nevertheless, the burden is on appellant to show that any error in the charge as given was harmful, *Ga.-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747, 754-55 (3) (266 SE2d 531) (1980), and we are constrained to resolve any doubt about the effect of the charge to uphold the verdict, *Teppenpaw v. Blaylock*, 126 Ga. App. 576, 579 (2) (191 SE2d 466) (1972). The facts in this case concern a two-party automobile collision and there was no allegation or evidence of any kind that a third party was involved or implicated in the events surrounding the collision. Under these circumstances there was absolutely no opportunity for jury speculation or confusion over the trial court's instruction and therefore we find the error in the charge harmless. See *Teppenpaw*, supra; *Brown*, supra.

2. The trial court did not err by charging the jury that appellant could not recover non-economic losses absent a showing of serious injury. The charge was correct as a matter of law. OCGA §§ 33-34-9 and 33-34-2 (13); *Dabney v. Ammons*, 150 Ga. App. 737, 738 (258 SE2d 551) (1979); *Pinkston v. Hagin*, 157 Ga. App. 2, 3-4 (2) (276 SE2d 67) (1981). Contrary to appellant's contention, the testimony of her physician regarding appellant's condition was sufficiently conflicting to authorize such a charge. Although the physician tended to attribute appellant's claimed injuries to the collision, the jury was free to reject

this testimony and find from her physician's detailed recital of appellant's medical history that her injuries were pre-existing. *Dabney v. Ammons*, supra at 738; *Pinkston v. Hagin*, supra at 3 (2).

*Judgment affirmed. Deen, P. J., and McMurray, P. J.; concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 20, 1985.

*Jack M. Carey*, for appellant.
*Weymon H. Forrester*, for appellee.