## 75647. SMITH v. MOBLEY.
(364 SE2d 597)

DEEN, Presiding Judge.

Glenn D. Smith brought suit against Gerald Mobley for personal injuries and damages to his pick-up truck which he claims he sustained when his vehicle was struck in the rear by a truck driven by Mobley while he was stopped and waiting to make a left turn. The jury found for the defendant and Smith appeals, contending that the trial court erred in charging the parties' contentions, the doctrine of last clear chance, and accident. *Held*:

1. Appellant's contention that the court below erroneously charged one of the defendant's contentions by attributing it to the plaintiff is without merit because appellant did not raise an objection to this portion of the charge. An examination of the trial transcript reveals that the issue was raised below only by the defendant and not by appellant. As appellant did not raise the issue in the court below, it cannot be raised for the first time on appeal. *Lynn v. State*, 181 Ga. App. 461 (352 SE2d 602) (1986).

2. The evidence showed that at the time of the collision a light, drizzling rain was falling. Appellant had stopped his truck and was waiting for traffic to clear before making a left turn. His truck was struck in the rear by the defendant's truck, which the defendant claimed he was driving at approximately 30-35 m.p.h. He admits that he saw the plaintiff's truck stopped in the road ahead and positioned at an angle as if to make a turn. Mobley applied the brakes in a normal manner and his vehicle hydroplaned out of control, striking Smith's truck. Mobley claims that he saw Smith look back at him in the rearview mirror, but that the appellant took no evasive action and merely braced himself for the impact. Smith testified that immediately before the collision he saw Mobley's truck approaching, but taking evasive action would have required him to move his truck forward into oncoming traffic, so he braced himself in case the approaching

vehicle could not stop.

Under OCGA § 51-11-7, "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases, the defendant is not relieved although the plaintiff may in some way have contributed to the injury sustained." "The last clear chance doctrine can be invoked only where the defendant knows of the plaintiff's perilous situation, and realizes, or has reason to realize, the plaintiff's helpless condition. The defendant is charged with a duty of using with reasonable care and competence his *then* existing ability to avoid harming plaintiff. [Cit.]" *Hunter v. Batton*, 160 Ga. App. 849, 850 (288 SE2d 244) (1982). This doctrine contains two elements: the plaintiff must have put himself in a position of peril from which he could not extricate himself, and the defendant must have knowledge and appreciation of the injured party's peril in time to avoid the injury. This doctrine "is applicable only where the defendant's failure to avoid the consequences . . . was the last negligent act, and hence the proximate cause of the injury, or conversely, that the doctrine is not applicable if the plaintiff's own act was the final negligence before the accident." *Shuman v. Mashburn*, 137 Ga. App. 231, 236 (223 SE2d 268) (1976).

In applying the elements set forth above, we find that the plaintiff did not place himself in a position of peril. While the plaintiff was stopped on the road at an intersection, the defendant admitted that he was aware of Smith's intent to make a left turn and attempted to stop his vehicle. He defended his inability to stop by claiming that his timely application of his brakes was overcome by a condition beyond his control: the hydroplaning of his vehicle. As there was no evidence to support the giving of a charge on last clear chance, it constitutes reversible error.

3. As this case must be reversed for retrial, it is not necessary to consider appellant's remaining enumeration of error, which complains of a second error in the charge, as it is unlikely to recur at the retrial of the case.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED DECEMBER 17, 1987 —
REHEARING DENIED JANUARY 4, 1988 —

*Ben B. Mills, Jr.*, for appellant.

*J. Harvey Davis, James B. Thagard, William A. Turner, Jr.*, for appellee.