76864. CARRANDI et al. v. SANDERS et al.
(373 SE2d 661)

CARLEY, Judge.

An automobile driven by appellant-plaintiff Anita Carrandi and owned by her sister, appellant-plaintiff Alisa Carrandi, collided with a truck driven by appellee-defendant David Sanders and owned by his father, appellee-defendant James Sanders. Appellants, by their mother as next friend, brought suit, alleging that appellee David Sanders' negligent operation of the truck was the proximate cause of the collision and that appellee James Sanders was vicariously liable for his son's negligence under the family purpose doctrine.

Appellees answered, denying the material allegations of the complaint. The case proceeded to trial before a jury and a verdict in favor of appellees was returned. The trial court entered judgment for appellees. Appellants bring this appeal from the trial court's denial of their motion for new trial.

1. Appellants enumerate as error the trial court's giving of an instruction to the jury on the avoidance doctrine.

A review of the transcript shows the following: Prior to the colli-

sion, appellant Anita Carrandi was driving in the proper lane of traffic and at a speed well within the posted speed limit. The collision occurred when appellee David Sanders attempted to cross the highway from an adjacent private driveway. The evidence shows that he drove the truck directly into the path of the on-coming car driven by appellant Anita Carrandi and that she attempted to stop the automobile so as to avoid the collision.

"[T]here are two classifications of negligence as to the plaintiff, contributory and comparative. Contributory negligence is of two separable, distinct defenses ([cits.]): first the plaintiff must at all times use ordinary care for his own safety; that is, he must not by his own negligence (or consent) proximately cause his own injuries; and second, the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent." *Whatley v. Henry*, 65 Ga. App. 668, 674 (6) (16 SE2d 214) (1941). Thus, the focus of the applicability of the avoidance doctrine in the present case would be upon the acts or omissions of appellant Anita Carrandi *subsequent* to the alleged negligence of appellee David Sanders in pulling out into the highway from the driveway. To authorize a charge on the avoidance doctrine, there "must have been [evidence of appellant Anita Carrandi's] failure 'to avoid the consequences of the active negligence of [appellee David Sanders].' [Cit.] However, we find no evidence upon which . . . a charge [on the avoidance doctrine] could be based. 'A driver having the right-of-way . . . has the right to assume that others will obey the rule of the road [cit.] and [she] has a right to proceed at a reasonable speed. . . . What [she] cannot do is to test a known and obvious peril, and *after it is or should be clearly apprehended that a collision is threatened or imminent,* [she] cannot blindly and recklessly proceed without regard to conditions and consequences. [Cit.]' [Cit.]. . . . There is absolutely no evidence showing that [appellant Anita Carrandi] knew or in the exercise of ordinary care should have detected the danger of [appellee David Sanders pulling out in front of her] automobile in time to avoid the collision. [Cit.]. . . . '(W)here there is no evidence to show that one party could in fact have discovered and avoided the negligence of the other, [an] instruction (on the plaintiff's duty to avoid the negligence of the defendant) is inappropriate and should not be given. [Cit.]' [Cit.]. . . . There is no 'absolute duty on any driver to avoid a collision,' [cit.], and the burden was on [appellees] to prove that [appellee David Sanders'] negligence could have been discovered and avoided by [appellant Anita Carrandi]. [Cit.] This burden was not met." (Emphasis in original.) *Moore v. Price*, 158 Ga. App. 566, 569 (2) (281 SE2d 269) (1981).

Our holding that a charge on the avoidance doctrine was not au-

thorized by the evidence in this case and that the trial court's giving of such a charge constitutes reversible error is not inconsistent with the holding in *Stroud v. Woodruff*, 183 Ga. App. 628, 629 (2) (359 SE2d 680) (1987). In *Stroud*, there was evidence that, in the exercise of ordinary care, the defendant's negligence should have become apparent to the plaintiff in sufficient time for the plaintiff to have avoided its consequences. "[T]here was evidence from which it could be inferred that [the plaintiff] was familiar with the lack of visibility at the intersection yet took no precautionary measures, such as significantly reducing his speed, to allow for such lack of visibility." *Stroud v. Woodruff*, supra at 629 (1). There is no such evidence of appellant Anita Carrandi's prior familarity with any potentially hazardous road conditions which may have existed at the site of the collision at issue here. Accordingly, such prior familarity on the part of appellant Anita Carrandi is not a factor which enters into the determination of whether she exercised ordinary care to discover and avoid the negligence of appellee David Sanders under the then-existing circumstances.

2. Several other portions of the trial court's charge to the jury are enumerated as error. A review of the record shows that appellants made no objection to these instructions at trial. "When a party fails to object to a jury charge at the time of trial he is precluded from alleging error on appeal as to that ground. [Cits.]" *Foster v. Harmon*, 145 Ga. App. 413, 416 (5) (243 SE2d 659) (1978).

*Judgment reversed. Deen, P. J., concurs. Sognier, J., concurs in judgment only.*

DECIDED SEPTEMBER 27, 1988.

*Albert B. Wallace*, for appellants.
*M. David Merritt*, for appellees.