## A89A1490. ELLIS v. DALTON.
(389 SE2d 797)

BENHAM, Judge.

This appeal is from a judgment entered on a jury verdict for the defendant in a case arising out of a rear-end collision. Appellant presented evidence at trial that appellee's truck collided with her car while she was waiting, with her turn signal operating, for oncoming traffic to clear so that she could make a left turn. Appellee testified that while his attention was distracted by a vehicle which he thought would not be able to stop in its approach from an intersecting street, appellant stopped her car in a blind curve at a place where she could not turn left, and when he looked back to the front, he was too close to stop.

Appellant enumerates as error several of the trial court's jury charges and the court's refusal to permit her to call a witness not listed on the pretrial order. We reverse.

1. Contending that there was no evidence that she was negligent in any way, appellant contends in three enumerations of error that the trial court erred in charging the jury on the plaintiff's duty of ordinary care, the equal negligence doctrine, and the comparative negligence doctrine. In light of appellee's testimony that appellant stopped her car in a blind curve at a place where she could not turn left, it cannot be said that there was no evidence at all of negligence on her part. That being so, and it being well settled that an instruction is not inapplicable where there is any evidence, however slight, on which to predicate it (*Jones v. Maghdoussian*, 159 Ga. App. 839 (1) (285 SE2d 267) (1981)), we find no error in the giving of those charges.

2. The trial court's charge that appellant could not recover money damages for non-economic damages such as pain and suffering or disability unless she sustained a serious injury as defined by Georgia law was not error in light of evidence authorizing the conclusion

that her medical expenses were the result of a pre-existing medical condition. *Loyd v. Henry*, 174 Ga. App. 49 (2) (329 SE2d 195) (1985).

3. Appellant also enumerates as error the giving of a charge on the avoidance doctrine. In order to warrant a charge on the avoidance doctrine, there must be evidence that the plaintiff knew or should have known of the active negligence of the defendant and failed to take action to avoid it. *Carrandi v. Sanders*, 188 Ga. App. 562 (1) (373 SE2d 661) (1988). There is no evidence whatsoever in the record of this case to support a finding that appellant was aware of appellee's alleged negligence before the collision occurred, or that she should have known of that negligence. None of the witnesses gave any testimony to indicate that appellant knew before the collision that appellee would be unable to stop, and there was no evidence to support appellee's contention on appeal that appellant "stopped suddenly": appellee only testified that when he looked back at the road after being distracted by other traffic, appellant had stopped. Given the lengthy period of distraction to which appellee testified, the fact that appellant had stopped does not even raise an inference that the stop was sudden. Appellee's assertion that appellant was negligent in failing to keep a watch to the rear is also without evidentiary support: the testimony showed that she stopped to make a turn and was watching oncoming traffic; there was no testimony which established any reason for appellant to suppose that the car behind hers would fail to stop. The evidence did not support the charge on the doctrine of avoidance, and the trial court's error in giving it requires reversal. Id.

4. The trial court also charged the jury on the doctrine of sudden emergency; we agree with appellant that the charge was error. "The defense of emergency is not available unless the evidence shows that there has been a ' "sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of care but to lack of time to assess the situation." ' [Cits.]" *Ray v. Anderson*, 189 Ga. App. 80 (2) (374 SE2d 819) (1988). Although appellee asserts that his testimony concerning the presence of a truck which he thought was going to collide with his vehicle was sufficient testimony to warrant a charge on sudden emergency, a careful reading of appellee's testimony does not reveal evidence of the existence of an actual emergency. Instead, it reveals an error of judgment on appellee's part which caused him to turn his attention away from the roadway in front of him. Appellee testified that he thought a truck approaching on an intersecting street was not going to stop, but then realized it would. It is clear from appellee's testimony that he was not actually put to any choice at all. There may be a question of fact concerning whether appellee was negligent

in permitting himself to be distracted for long enough for appellant to come to a complete stop in front of him without his noticing, but there is no question of fact concerning the existence of an emergency because appellee's testimony shows only that he misjudged whether the truck would stop, not that appellee was required to do anything to avoid the truck. Under those circumstances, the doctrine of sudden emergency was not properly an issue in this case, and the trial court erred in charging on that subject. Id.

5. The trial court's charge on last clear chance was also error, there being no evidence to warrant it. " 'The last clear chance doctrine can be invoked only where the defendant knows of the plaintiff's perilous situation, and realizes, or has reason to realize, the plaintiff's helpless condition.' " *Smith v. Mobley*, 185 Ga. App. 462 (2) (364 SE2d 597) (1988). The only possible source of evidence of appellee's awareness of appellant's peril was appellee's own testimony, but he testified that when he directed his attention back to the road after being distracted by traffic on an intersecting road, appellant was stopped in front of him and there was no time for him to avoid the collision.

6. The trial court gave in charge the language of OCGA § 51-12-4 to the effect that when the injury is small or the mitigating circumstances are strong, nominal damages only are given. Since we agree with appellant that there was no evidence in the record to warrant any mention of mitigating circumstances, we find that instruction to have been erroneously given as well.

7. Since the errors in the trial court's jury instructions require a new trial, and the alleged error complained of in appellant's enumeration of error concerning the exclusion of the testimony of a witness whose name was not on the pretrial order is not likely to recur on retrial, we find it unnecessary to decide it on this appeal.

*Judgment reversed. McMurray, P. J., Banke, P. J., and Pope, J., concur. Carley, C. J., concurs in Divisions 1, 2, 3, 6, and 7, and in the judgment. Deen, P. J., Birdsong and Beasley, JJ., dissent. Sognier, J., concurs in the judgment only of the dissent.*

BIRDSONG, Judge, dissenting.

As the majority clearly has assumed the fact-finding role exclusively reserved for juries in this state (*Horney v. Lawrence*, 189 Ga. App. 376 (3) (375 SE2d 629)), I cannot agree with its conclusion that the trial court's charge to the jury on the doctrines of avoidance, sudden emergency, and last clear chance was not authorized by the evidence. Therefore, I must respectfully dissent to the reversal of the judgment.

1. Only three witnesses testified about the collision: Ellis, Dalton, and Dickie. To appreciate the issues presented, the testimony must

be discussed more fully than the brief analysis presented in the majority opinion.

Ellis testified that after leaving a counseling session at her church, she stopped in the street to let on-coming traffic clear so she could turn left into a driveway. She testified that she had her turn signal on, but she did not pay attention to anything behind her and she did not look back. She testified that on-coming traffic had cleared and she was about to turn when her car was hit from the rear. She testified further that she did not notice Dalton until his truck hit her car; she did not see any jacked-up pickup trucks, and she did not hear any loud noise coming from a jacked-up pickup truck.

Dalton testified that he had followed Ellis for some distance before the collision and was driving about 20 miles per hour. He testified that immediately before the collision his attention was called to a jacked-up pickup truck approaching from a side street because a loud noise from this truck caused him to believe it was going to collide with his truck. He testified that he looked to see if he would be required to avoid the jacked-up truck, and when he saw the jacked-up truck would not hit him, he looked to his front and saw Ellis' car stopped in front of him. He testified he slammed on his brakes, but before he could stop, his truck hit Ellis' car. Dalton testified that his car skidded on the road that was wet from an earlier rain. He also testified that Ellis was stopped in a blind curve, and that she was not stopped at an intersection or place where she could turn left.

Dalton testified that when he looked at the jacked-up truck he was about 40-50 feet behind Ellis and when he looked at Ellis again, she was stopped about 20 feet in front of him. He also testified that he did not see Ellis' turn signals on before he saw her stopped.

The other witness, a Mr. Dickie, generally supported Ellis' version of the events. He testified he saw her stopped for some time to make a left turn, he heard brakes squeal, he saw Dalton's truck going at an excessive speed some distance from Ellis' car, and he saw the truck hit the car from the rear. Dickie also did not see or hear the jacked-up pickup truck. He testified, however, that Ellis stopped in a blind curve and he could not say whether she had her turn signal on.

This court's decisions on whether charges are authorized by the evidence must be guided by the recognition that our law does not require that there be direct evidence in the record before a jury charge is authorized if there is some evidence from which a " 'legitimate process of reasoning can be carried on in respect to it.' " *T. G. & Y. Stores v. Waters*, 175 Ga. App. 884, 886 (334 SE2d 910). Indeed, a charge is authorized if there is some evidence, even if the great preponderance of the evidence is to the contrary (*Lyles v. State*, 130 Ga. 294 (60 SE 578); *Hawkins v. State*, 80 Ga. App. 496, 499 (56 SE2d 315)), and any evidence, however slight, is sufficient. *Beal v.*

*Braunecker*, 185 Ga. App. 429, 433 (364 SE2d 308). Considered in light of these principles, there is ample evidence in the record to authorize all three charges which the majority rejects.

The majority concludes, however, that there was no specific evidence in the record to authorize a jury charge on the avoidance doctrine. Such a conclusion, however, misses the primary issue: whether there was any evidence from which a process of reasoning could be legitimately undertaken that Ellis could have in the exercise of ordinary care detected Dalton's negligence and have avoided it. See *Carrandi v. Sanders*, supra.

Since there is evidence that Ellis was stopped on a road she used to return from her church, it could be reasonably argued she was familiar with the road and she should have known that she stopped in a blind curve, as both Dalton and Dickie testified. Accordingly, it could be argued that under such circumstances she was required to be alert for traffic approaching from behind her. Further, as she admitted she did not pay attention to anything behind her and did not look back, it could also be argued that she did not exercise reasonable care. It also could be argued that Ellis heard or should have heard Dalton's brakes squealing, as Dickie did, and exercising ordinary care could have avoided the collision. Thus, since there was some evidence in the record from which a legitimate process of reasoning could be carried on, the charge on the avoidance doctrine was warranted. The majority's decision now permits drivers to sit stopped knowingly in blind curves with careless disregard to traffic approaching from the rear without their conduct being called into question. That is not and should not be the law.

The majority invades the province of the jury by weighing the evidence, finding the facts as it deems them supported by that evidence, and then deciding based upon these factual determinations whether Ellis was aware of Dalton's approach, whether she placed herself in a dangerous position, and whether she could have avoided the collision. Those decisions belong to the jury, not this court. *Jones v. City of Atlanta*, 257 Ga. 727, 729 (363 SE2d 254); *Horney v. Lawrence*, supra. Further, the evidence did not demand the conclusion reached by the majority on the use of ordinary care. The majority's emphasis only on whether there was specific evidence in the record that Ellis was actually, or should have been, aware of Dalton's negligence disregards whether there was evidence from which it could be reasoned that she would have been aware of the negligence if she had exercised ordinary diligence. See *Carrandi v. Sanders*, supra.

2. The majority also concludes that there was no evidence authorizing the charge on the last clear chance doctrine. I also cannot agree with this conclusion. While it appears unusual that Dalton would request a charge that seemingly favored Ellis, his having done

so does not mean that the charge was not raised by the evidence. Had Ellis requested this charge, there is little doubt that this court would have found it raised by the evidence. That Dalton requested the charge should not increase the evidentiary burden necessary to authorize the charge.

As discussed above, there was evidence, particularly Dickie's testimony about the blind curve and Ellis' testimony that she was using a street she was familiar with, from which it reasonably could be argued that Ellis put herself in a position of peril from which she could not escape, and, again, considering Dickie's testimony that he saw Dalton some distance from Ellis, it could also be reasoned that Dalton was aware of Ellis' peril in sufficient time to avoid the collision. Such evidence is sufficient to warrant a charge on the last clear chance doctrine, and, indeed, presents the classic case for the doctrine. See *Smith v. Mobley*, supra.

The majority's conclusion that only Dalton's testimony supports this charge is wrong. Dickie also gave testimony relevant to this issue, and in fact, his testimony contradicts Dalton's on this point. The majority's desire to harmonize the evidence reveals clearly that the majority is bent on finding the facts, and not deciding whether there was evidence supporting the charge. The evidence need not be consistent to warrant a charge — there need only be some.

3. Finally, again assuming the jury's fact-finding role, the majority concludes that a charge on the emergency doctrine was not required because Dalton was not presented with an emergency. Whether there was an emergency is clearly a determination to be made by the jury. *Ray v. Anderson*, supra. Moreover, there is evidence on which to base an argument that Ellis was presented with an emergency which gave him an immediate choice: deal with the jacked-up truck or continue to watch the car ahead. The majority's decision now concludes that it was not really an emergency, but a traffic distraction. The only evidence on this issue was Dalton's testimony, and there is nothing in his testimony which supports such a finding of fact by the majority on this issue, even assuming arguendo that they have the power to make such a finding in the first instance.

The emergency doctrine allows the *jury* to excuse choices made in sudden emergency situations without time for mature reflection. *Reece v. Callahan*, 164 Ga. App. 131, 132 (296 SE2d 425). See also *Howard v. Jones*, 187 Ga. App. 756, 758 (371 SE2d 196). There is no place in the doctrine for second guessing by this court whether there was in fact an emergency or whether the choice made was reasonable to us. Dalton's conduct is not judged on hindsight, but on how things appeared at the moment of danger. *Davis v. Calhoun*, 128 Ga. App. 104, 105 (195 SE2d 759). Therefore, we must look to the transcript to determine whether there was evidence upon which to base the charge,

and not decide, as the majority here does, whether Dalton was entitled as a matter of legal philosophy to the protection afforded by the doctrine. Viewing Dalton's testimony, the only evidence on the issue, there is evidence from which he could reasonably argue that he was entitled to a charge on this doctrine, and I cannot agree that the trial court erred by giving the charge.

Further, whether Dalton was watching the truck for a long time, as the majority finds, is not relevant to a charge on the issue. In the same manner, whether Ellis stopped suddenly is not relevant to the avoidance issue. Moreover, the majority's findings of fact on both questions are not supported by the evidence. Dalton testified he was going 20 mph and the distance between himself and Ellis closed about 30 feet. This would support an argument that only one second elapsed, because a vehicle going 20 mph travels approximately 30 feet per second. Thus, Dalton could argue that the stop was sudden and the time short. As these are questions for the jury, however, it exceeds the authority of this court to decide them as it has. This is particularly so since the jury found in Dalton's favor and our law requires us to construe the evidence to support the verdict.

4. In regard to the charge on OCGA § 51-12-4, as the verdict was returned in favor of Dalton, this issue is moot. *Wendlandt v. Shepherd Constr. Co.*, 178 Ga. App. 153, 155 (342 SE2d 352). See also *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510), citing *Maloy v. Dixon*, 127 Ga. App. 151, 156, n. 2 (193 SE2d 19).

Therefore, I would affirm the trial court's judgment and I respectfully must dissent from this reversal. I am authorized to state that Presiding Judge Deen and Judge Beasley join in this dissent.

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989 —

*Charles E. Moore, Jr., Karolyn Mercer*, for appellant.
*Van Gerpen & Rice, Kenneth L. Shigley, Kevin O. Skedsvold*, for appellee.