A95A2610. TOWNSEND et al. v. WRIGHT.
(469 SE2d 281)

JOHNSON, Judge.

Robert and Teresa Townsend, along with their three children and a niece, went to Juanita Wright's house so that Mr. Townsend could discuss with Wright the cost of installing a septic tank on her prop-

erty. While Wright and Mr. Townsend discussed the septic tank, Ms. Townsend sat under a tree in the yard holding the Townsend's one-year-old son. The other children played in the yard. After Wright and Mr. Townsend finished talking, Wright got into her parked car, started it and proceeded in reverse gear. As Wright backed up the car, she ran over two-year-old Sherry Townsend, who was behind the car. Sherry and Teresa Townsend filed a two-count complaint against Wright. In Count 1, Sherry, by her next friend and mother, Ms. Townsend, sought damages for personal injuries caused by Wright's alleged negligence; in Count 2, Ms. Townsend sought reimbursement for Sherry's medical expenses. Wright filed an answer to the complaint, claiming, among other things, that she was not negligent and that the Townsends were negligent in failing to supervise the child. The case was tried before a jury, which returned a verdict in favor of Wright. The Townsends appeal.

1. The Townsends correctly assert that the court erred in charging the jury on the last clear chance doctrine. The last clear chance doctrine contains two essential elements, which must be proved by the plaintiff. First, the plaintiff must show that by her own negligence she put herself in a perilous position from which she could not extricate herself. Second, the plaintiff must prove that the defendant knew and appreciated the plaintiff's peril in time to avoid the injury. *Stallings v. Cuttino*, 205 Ga. App. 581, 583 (1) (422 SE2d 921) (1992). In the instant case, two-year-old Sherry Townsend is incapable as a matter of law of being negligent and any negligence of her parents cannot be imputed to her. See *Commerce Properties v. Linthicum*, 209 Ga. App. 853, 855 (2) (434 SE2d 769) (1993). Because Sherry was not negligent as a matter of law, as to her claim, the first element of the last clear chance doctrine is not met. See *Johnson v. Ray*, 206 Ga. App. 262, 263 (2) (424 SE2d 892) (1992). Moreover, as to both Sherry's claim and Ms. Townsend's claim for medical expenses, the second element of the last clear chance doctrine cannot be proven. That element requires that the defendant knew of the plaintiff's perilous situation and had opportunity to take proper evasive action to avoid injuring her; the doctrine "does not apply to a 'should know' or 'should have known' situation." (Citations and punctuation omitted.) *Stallings*, supra at 583 (1). Here, it is uncontroverted that Wright did not actually know that Sherry Townsend was behind the car; rather, the Townsends claim that Wright should have known that Sherry was behind the car. Because both elements of the last clear chance doctrine do not apply to the Townsends' claims, the trial court erred in charging the jury on that doctrine.

Furthermore, we cannot say that the erroneous charge was harmless. The Townsends did not assert the last clear chance doctrine and in fact argued against its application to this case. Instead, defendant

Wright requested the last clear chance jury instruction. We are not certain why Wright would request such a charge which, if properly given, would benefit the plaintiffs. However, we note that it appears from a review of the entire jury charge, that the instruction as given may have misled the jury into believing that the doctrine could be applied, not to hold Wright liable even if the Townsends were negligent, but to find that Mr. and Ms. Townsend's alleged negligence proximately caused the accident. During the last clear chance charge, the court did not clarify that the doctrine must be proved by the plaintiffs and that if proved, the jury could find that Wright's failure to take the last clear chance to avoid the accident proximately caused Sherry's injuries, in spite of any negligence by the Townsends. Rather, the court instructed the jury that "persons are under an obligation to use ordinary care to avoid injuring others after finding them in a dangerous place . . . [and] if the person who has the last clear chance to avoid cause of injury fails to use ordinary care to avoid it, then that negligence is considered to be the proximate cause of the injury." This charge was immediately followed by charges that the negligence of parents is not imputable to the child, that if the parents knew of a danger and did not protect the child from it then the parents were negligent, that this parental negligence was the sole proximate cause of the child's injuries and that parents are under a duty of seeing that their child is not in a place of obvious danger. In this context, the jurors could have construed the last clear chance instruction as meaning that if Sherry Townsend's parents had the last clear chance to remove her from behind the car, and failed to do so, then that failure, rather than any possible negligence by Wright, proximately caused Sherry's injuries. That is an incorrect application of the last clear chance doctrine. Because the doctrine charged does not apply to this case and may have misled the jury, the court's error was harmful and a new trial is required. See *Smith v. Mobley*, 185 Ga. App. 462, 463 (2) (364 SE2d 597) (1988).

2. The Townsends claim the court erred in charging the jury "that it would be normally the duty of a parent to see that the child would not be in a place of obvious danger." The Townsends argue that this rule applies only to premises liability cases, and thus does not apply to this negligence case. It is true that the rule charged by the trial judge is often cited in premises liability cases. See, e.g., *Bowers v. Grizzle*, 214 Ga. App. 718, 720-721 (4) (448 SE2d 759) (1994); *Wright v. Shoney's of Savannah*, 141 Ga. App. 362, 363 (233 SE2d 474) (1977). But we do not agree with the Townsends that the rule is therefore limited to such cases. The principle is, instead, a general statement of the duty of parents and other custodians of children which also applies in situations other than premises liability actions. The most simple and direct statement of this duty is that children of

tender years and youthful persons generally are entitled to care proportioned to their ability to foresee and avoid perils that they may encounter. See, e.g., *Wallace v. Boys Club of Albany, Ga.*, 211 Ga. App. 534 (439 SE2d 746) (1993); *Newsome v. Dept. of Human Resources*, 199 Ga. App. 419, 424 (405 SE2d 61) (1991); *Herring v. R. L. Mathis Certified Dairy Co.*, 118 Ga. App. 132, 139 (162 SE2d 863) (1968). Because issues related to this duty owed by custodians to children are likely to arise again upon the retrial of the case, we believe further analysis is required.

Despite being an accurate statement of law, the charge complained of here is problematic for two reasons not raised by the plaintiffs. First, the charge complained of was problematic because it was not fully adjusted to the facts. The record in the case reveals that the injured child was playing in a grassy yard at the time she was struck by the defendant's car. She was not in the road, or even in the one-lane dirt driveway located on the premises where the injury occurred. Grassy yards, and driveways in residential yards, standing alone, are not "places of obvious danger" as that phrase is used in the legal principle stated above. By adding the phrase "place of obvious danger," the trial judge may have inadvertently communicated to the jury that the area where the injured child was playing was in fact a place of obvious danger. At most, the record here suggests that if the jury believes the child's custodian saw the defendant return to her car, saw her crank the car, and if the jury further believes the custodian, at that point, should have realized that the car was about to be driven in the yard, the yard could have become a place of danger for the child such as would require the custodian to act reasonably to protect the child. Whether it became a place of danger, and, if so, when, are questions for the jury to decide.

Second, the charge complained of was redundant. A better statement of the principle was given to the jury when the trial court instructed the jury: "I charge you that concerning the duties of adults toward children the rule of law is that children of tender years are entitled to a degree of care proportionate to their ability to foresee and avoid perils which may be encountered. . . ." Thus, the more controversial statement complained of by plaintiffs was nothing more than a second instruction of the same legal principle.

The harm of any such confusion may have been exacerbated because the context within which this charge was delivered included an erroneous statement of law, not complained of in this appeal, to the effect that if the jury found the plaintiff mother negligent in caring for the plaintiff child, then that mother's negligence *would be* the *sole* proximate cause of the child's injuries. The exact words used in this portion of the charge were: "If the evidence is such that the custodian of a minor child should have foreseen that the child might be in dan-

ger and the custodian knew of the danger, the custodian was negligent in not taking measures to protect the child *and her negligence was the sole proximate cause of the child's injuries."* (Emphasis supplied.)

We are unable to say how the jury arrived at its verdict, of course, so the harm or lack of harm of a problematic series of charges cannot be determined. If indeed the jury found the mother was negligent, it could have found her negligence to be the sole proximate cause of the child's injuries, but it was certainly not required to make such a finding. The jury had other options as well. If the jury found the mother negligent but found the defendant was also negligent, it also could have concluded that the mother's negligence was only a contributing proximate cause of the child's injuries. The jury could also have concluded that the mother's negligence, if any, was not a contributing proximate cause and that the negligence of the defendant was the sole proximate cause of the child's injuries.

If the jury found that any negligence on the part of the mother was the sole proximate cause of the injuries, of course, the child could not recover against the defendant. However, if the jury had determined that negligence of the defendant and negligence of the mother combined to proximately cause the injuries, or if the jury determined that negligence of the defendant was the sole proximate cause of the injuries, in either case the child could fully recover from the defendant. Since there is evidence in the record to support all of these possible findings by a jury, a suggestion by the court that the mother's negligence *would be* the sole proximate cause of the child's injuries, especially in the context of the other charges discussed herein, is plain error which cannot be said to be harmless.

Though the fact issues of this case are relatively simple, the defenses are such that they are available against one of the plaintiffs only under certain conditions. This makes the task of the trial judge in charging the jury much more complex and much more difficult. Upon the retrial, we are confident that great care will be given to the context as well as the substance of this series of charges, and that the trial judge will go to whatever lengths are necessary to assure that the jury understands all of the implications of these principles and to explain to the jury all of its various options under the evidence. It may be that this is a case where a verdict form cast as special interrogatories to the jury would be appropriate, as the jury's answers regarding its findings may reveal whether the legal principles have been correctly understood and applied.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 8, 1996 —
RECONSIDERATION DENIED FEBRUARY 23, 1996 — 

*A. Russell Blank, Robert B. Lipman,* for appellants.
*Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., A. Spencer McManes, Jr.,* for appellee.