## S99A0261. HOOD v. SMOAK.
(516 SE2d 301)

FLETCHER, Presiding Justice.

Bart Hood sued his daughter, Dawn Smoak, to set aside an allegedly fraudulent conveyance of two tracts of land in Union County totaling 100 acres. The trial court denied Smoak's motion for summary judgment, but later at trial granted Smoak's motion for a directed verdict at the close of Hood's evidence. Because Hood presented evidence from which a jury could imply a constructive trust, we reverse.

Hood alleged that Smoak was holding the 100 acres in constructive trust for him and that Smoak had induced him to place title in her name with no intention of giving title back. Under their agreement, Smoak paid off Hood's $21,800 debt, and Hood executed two warranty deeds conveying the property to her; the deeds cited as consideration that the deed was a gift from father to daughter. Hood continued to live on the property, but when he announced that he was remarrying and moving a mobile home onto it, Smoak said that it was her property. Hood sought to repay Smoak with interest and have the land conveyed back in his name, but Smoak refused. Hood sued, and the trial court granted Smoak a directed verdict.

On review of the grant of a motion for directed verdict, we must

construe the evidence in the light most favorable to the losing party.[1] The standard for appellate review is the "any evidence" test.[2]

A constructive trust is a trust "implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity."[3] The court may hear parol evidence on the nature of the agreement, the circumstances, and the parties' conduct.[4] A deed may be set aside when a promise is made with no intention to comply and that promise induces execution of the deed.[5]

Construing the evidence in the light most favorable to Hood, we conclude that the evidence was sufficient for a jury to imply a constructive trust based on the circumstances. Hood presented evidence that the family held a meeting in early 1990, when the property was still owned by Hood's father, to discuss how to satisfy a lien or encumbrance against the property that appears to have been created for attorney's fees on Hood's behalf. Hood was in prison and did not attend the meeting. Family members testified that Smoak offered to pay the sum required to satisfy the lien if she could have both tracts of land. She was quoted as saying, "We don't want part, we want it all." The family did not accept her offer, and Hood's brother-in-law advanced $21,800 and satisfied the lien.

In 1991, after Hood received the two tracts, he planned to cut timber on the land to pay back his brother-in-law, but Smoak intervened. She said she would repay the debt, if she were given a deed to both tracts: "I will have to have it all, or I won't put up no money." Despite this demand, Hood gave her a deed of gift to both tracts on December 17, 1991. He told his attorney that he did not want a security deed drawn up because he trusted his daughter to honor their agreement. The attorney testified that she discussed the agreement with Smoak prior to preparing and delivering the deeds. That agreement required Hood to convey both tracts of land to Smoak and required Smoak to pay his $21,800 debt. Hood testified that they also agreed that he could continue to live on the property so long as he did not sell the timber and that he would pay her back when he was able, at which time she would sign the deed back to him. He did not know about her previous offer and demand at the time he entered the agreement with her.

[1] *Georgia Department of Human Resources v. Phillips*, 268 Ga. 316, 322 (486 SE2d 851) (1997).

[2] Id.

[3] OCGA § 53-12-93.

[4] *Edwards v. Edwards*, 267 Ga. 780, 781 (482 SE2d 701) (1997).

[5] See *Hargrett v. Hargrett*, 242 Ga. 725, 728 (251 SE2d 235) (1978) (interpreting former Ga. Code Ann. § 108-106).

Smoak's statements and actions could authorize a jury to infer that she made the promise to reconvey the property in order to obtain title to the land for substantially less than the market value and that she never intended to reconvey the property. Because the trial court's grant of a directed verdict precluded the jury from deciding whether Smoak fraudulently induced her father to put the property in her name with no intention of honoring their agreement, we reverse.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 17, 1999.

*Simmons & Hunt, Syle P. Hunt, Cathey & Strain, Edward E. Strain III,* for appellant.
*David E. Ralston,* for appellee.

