A02A1929. GULLATT v. FAIN.
(576 SE2d 612)

MILLER, Judge.

Brian Fain sued Vera Gullatt for injuries arising out of an auto collision. After the presentation of all evidence, the trial court granted Fain a directed verdict on the issue of liability, and the jury awarded Fain $20,000 in damages. Gullatt appeals the grant of the directed verdict. We discern no error and affirm.

Gullatt testified that on a clear day in April 1998, she was driving on a dirt road until it intersected with Highway 154, a paved road with a 55-mph speed limit. Gullatt conceded that drivers on Highway 154 had the right of way. After stopping and looking both ways, Gullatt proceeded across the intersection and was struck by a vehicle driven by Fain. She never saw Fain's vehicle prior to the accident.

Fain testified that he was going between 50 and 55 mph on Highway 154 when he came over a slight rise and saw Gullatt's vehicle sitting at a stop about 100 yards ahead on his left on a dirt road fac-

ing Highway 154. He proceeded, and she then pulled out in front of him. He hit his brakes hard, skidded, and hit the back side of her car. He testified that once she pulled out in front of him, there was not enough time to stop prior to the collision.

A directed verdict is proper if there is no conflict in the evidence as to any material issue and if the evidence with all reasonable deductions therefrom demands a particular verdict. OCGA § 9-11-50 (a). "On review of the grant of a motion for directed verdict, we must construe the evidence in the light most favorable to the losing party. The standard for appellate review is the 'any evidence' test." (Footnotes omitted.) *Hood v. Smoak*, 271 Ga. 86-87 (516 SE2d 301) (1999).

Inasmuch as Gullatt failed to yield the right of way to Fain, her negligence is clear. Gullatt, on the other hand, claims that Fain was at least partially at fault for two reasons: he was speeding, and he could have avoided the collision. Gullatt, however, presented no evidence to contradict Fain's testimony that he was not speeding. She herself did not see Fain's vehicle prior to the collision, and she brought in no accident reconstruction or other expert to testify as to Fain's speed as demonstrated by the skid marks. Her assertion that he must have been speeding or else she would have seen him is mere speculation. Her further assertion that the force of the impact meant that Fain must have been speeding is not supported by any testimony or other evidence. To avoid a directed verdict, a party must support her claims or defenses with evidence, not mere speculation. See *Madaris v. Piggly Wiggly Southern*, 205 Ga. App. 405, 406 (2) (422 SE2d 273) (1992).

Similarly, no evidence supports Gullatt's assertion that Fain could have avoided the collision. The only evidence on the matter is Fain's testimony that once Gullatt pulled out in front of him, the time and distance were too short to allow him to avoid the collision. Such uncontradicted testimony eviscerates such a defense. See *Ellis v. Dalton*, 194 Ga. App. 114, 116 (5) (389 SE2d 797) (1989); see also *Shilliday v. Dunaway*, 220 Ga. App. 406, 409 (4) (469 SE2d 485) (1996); *Steiner v. Melvin*, 143 Ga. App. 97, 99 (3) (237 SE2d 635) (1977) ("[T]here was no evidence that the appellee had any opportunity to take evasive action after he became aware of the impending collision.").

As the evidence of record showed only negligence by Gullatt, the trial court did not err in granting a directed verdict on liability to Fain.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED JANUARY 15, 2003.

*Kenneth E. Morrow*, for appellant.
*Stephen M. Ozcomert*, for appellee.