### 67347. GEORGIA POWER COMPANY v. KNIGHTON.

DEEN, Presiding Judge.

Appellee Terry Wayne Knighton sustained extensive burns and other injuries when, while working on a roofing job for which his employer had contracted, he came in contact with high-voltage electrical distribution lines owned by appellant Georgia Power Company (Georgia Power). Knighton brought a tort action against appellant, alleging negligent installation and maintenance of the lines. Georgia Power denied these allegations and asserted that the injuries were attributable to appellee's own lack of ordinary care and due diligence. The Baldwin County Superior Court denied appellant's motion for summary judgment, and this court granted an application for an interlocutory appeal. Georgia Power enumerates

as error the trial court's denial of its motion for summary judgment and failure to grant dismissal as a defendant. *Held:*

On a motion for summary judgment the movant has the burden of establishing that there remain in the case no genuine issues of material fact which would require jury determination. OCGA § 9-11-56 (c) (Code Ann. § 81A-156); *Buchanan v. Ga. Boy Pest Control Co.,* 161 Ga. App. 301 (287 SE2d 752) (1982); *Life &c. Ins. Co. v. Crowe,* 147 Ga. App. 629 (249 SE2d 682) (1978). The evidence is to be so construed as to give the party opposing the motion for summary judgment the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Eiberger v. West,* 247 Ga. 767 (281 SE2d 148) (1981); *Hanover Ins. Co. v. Nelson Conveyor &c. Co.,* 159 Ga. App. 13 (282 SE2d 670) (1981); *Jonesboro Tool &c. Corp. v. Ga. Power Co.,* 158 Ga. App. 755 (282 SE2d 211) (1981). Moreover, when the moving party is the defendant, he has the additional burden of conclusively negating at least one essential element of the plaintiff's case. *Lawrence v. Gardner,* 154 Ga. App. 722 (270 SE2d 9) (1980); *Epps Air Service v. DeKalb County,* 147 Ga. App. 195 (248 SE2d 300) (1978).

When, as in the instant case, issues of negligence, diligence, and contributory negligence are involved, it is necessary that such issues be resolved by a jury rather than by summary adjudication. *North v. Toco Hills,* 160 Ga. App. 116 (286 SE2d 346) (1981); *Yeager v. Jacobs,* 111 Ga. App. 358 (141 SE2d 837) (1965). Where the evidence is susceptible of more than one inference, it is the jury rather than the trial judge who should make the determination. *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408) (1962).

The record in the instant case discloses that appellant has not met either of its evidentiary burdens, supra, and that there remain a number of factual issues appropriate for jury deliberation and determination. The trial court did not err in denying Georgia Power's motion for summary judgment and in sending the case to the jury.

*Judgment affirmed. Banke and Carley, JJ., concur.*

Decided January 3, 1984.

*Wallace Miller, Jr.,* for appellant.
*Thomas J. Phillips, Jr., B. Randall Blackwood,* for appellee.