## A94A0485. HARPER v. KROGER COMPANY.
### (443 SE2d 7)

BIRDSONG, Presiding Judge.

Howard Harper appeals the grant of summary judgment to the Kroger Company in his claims arising from his slip and fall in a Kroger Store. He contends the trial court erred by failing to apply the law of distraction and by granting summary judgment because the trial court failed to consider that an employee of Kroger had just previously mopped the aisle on which Harper fell and failed to post any warning signs.

Kroger contends, however, that summary judgment was warranted because Harper testified at his deposition that he slipped in a puddle of water approximately two feet in circumference in the middle of the aisle while he was walking out of the store not looking at the floor. Harper further testified by deposition that the lighting was adequate and that he had no problem seeing prior to the fall. Moreover, he testified that, if he had been looking at the floor he would have been able to see the water, and he was not distracted by anything. *Held*:

Although there appears no question that Kroger had at least constructive knowledge of the puddle, that does not end the issue. Harper "must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the owner's negligence after it becomes apparent to him *or in the exercise of ordinary care he should have learned of it*. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Anderson v. Dunwoody North Driving Club*, 176 Ga. App. 210, 211 (335 SE2d 451).

Further, even though by affidavit Harper claims that he was distracted from seeing the puddle, the distraction doctrine is not without limits. *Ramirez v. Kroger Co.*, 207 Ga. App. 830 (429 SE2d 311). "One valid line of distinction existing in the so-called 'distraction' cases concerns the cause of the distraction. Where the distraction is self-induced the plaintiff can no more take the benefit of it to excuse his lack of care for his own safety than one who creates an emergency can excuse himself because of its existence." *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378-379 (124 SE2d 688).

In this appeal, Harper testified in deposition that he was not dis-

tracted by anything. Although his affidavit submitted in rebuttal to Kroger's motion for summary judgment subsequently asserted that he was distracted because he was looking for sodas, this conflicts directly, and without explanation, with his deposition testimony that he was on his way to purchase the sodas and that he was not distracted when he fell. Therefore, because of the patent and unexplained inconsistencies between Harper's deposition testimony and his affidavit, the contradictory testimony rule is applicable. See *Gentile v. Miller, Stevenson &c.*, 257 Ga. 583 (361 SE2d 383); *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680). Consequently, Harper's affidavit provides no basis for reversing the trial court. *Kroger Co. v. Barentine*, 210 Ga. App. 795, 796 (437 SE2d 629).

Further, the sole distraction Harper asserts, looking for sodas, cannot be accepted under the distraction theory because that was the very activity that brought him to Kroger. *Manheim Svcs. Corp. v. Connell*, 153 Ga. App. 533, 534 (265 SE2d 862). If we hold that merely being in a store looking for merchandise constitutes a distraction, we not only vitiate the distraction doctrine, but contrary to the law of this state, we also make merchants insurers of their patrons' safety. See *Kitchens v. Restaurant Mgmt. Svcs.*, 192 Ga. App. 313, 315 (385 SE2d 11).

Accordingly, the trial court did not err by granting summary judgment to Kroger Company.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 25, 1994.

*John H. Ridley, Jr.,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Todd M. Yates, Douglas A. Wilde, Gregory H. Wheeler,* for appellee.