A94A1187. EDWARDS v. WAL-MART STORES, INC.
(449 SE2d 613)

RUFFIN, Judge.

Appellant, Mary Edwards, brought this personal injury action against appellee, Wal-Mart, for injuries she allegedly sustained when she slipped and fell on a plastic hanger while shopping. Edwards claimed Wal-Mart was negligent in allowing hangers to remain on the floor which created a hazardous situation. The trial court granted Wal-Mart's motion for summary judgment and Edwards appealed.

Reviewing the evidence in favor of Edwards, as the nonmovant on summary judgment, the record shows that Edwards was shopping at Wal-Mart and was walking towards the dressing room to try on clothes. On the way, she slipped and fell to the floor. As she was

helped up by a Wal-Mart employee named Reba, she noticed coat hangers on the floor and determined she had slipped on a white plastic hanger.

In support of its motion for summary judgment, Wal-Mart filed the affidavit of another employee, Maureen Camp. Ms. Camp averred that she "inspected the exact location where Plaintiff allegedly slipped and fell" and that her inspection "occurred less than five minutes *prior* to Plaintiff's alleged slip and fall." Ms. Camp also averred that at the time of the inspection, there were no hangers or other debris on the floor.

"In order to recover in a slip and fall case of this nature, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance. [Cit.]" *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 809 (406 SE2d 234) (1991). See also *Sain v. K-Mart*, 190 Ga. App. 751, 752 (380 SE2d 299) (1989). Here, the inquiry under the first prong is limited to whether Wal-Mart had constructive knowledge of the hangers since there is *no* evidence it had actual knowledge of them.

" 'Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. (Cit.)' " *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (1) (366 SE2d 781) (1988). Although it is undisputed that a Wal-Mart employee named Reba was in the immediate vicinity where Ms. Edwards fell, there is no statement by Reba and the evidence is otherwise inconclusive as to whether she could easily have seen the hangers.

" 'Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. (Cits.)' [Cit.]" Id. Although employee Camp's affidavit stated she inspected the area five minutes before Edwards fell, this number was arrived at by *another* employee who then entered it on an incident report. Camp's affidavit was based on that incident report which had been drafted two years earlier. In addition, it is undisputed there were a number of hangers on the floor where Edwards fell as well as in the adjacent aisle which Camp says she also inspected. Because we cannot exclude the possibility that the hanger Edwards slipped on had been on the floor for an unreasonable amount of time, we conclude that a jury issue existed as to Wal-Mart's constructive knowledge of the hanger. See *Smith v. Wal-Mart*, supra at 809.

Because a factual issue exists with respect to whether Wal-Mart

had constructive knowledge of the hangers, we therefore turn to the second inquiry, whether for some reason attributable to the defendant, Edwards was prevented from discovering the hangers on her own. "This part of the test demands that a person exercise ordinary care for her own safety." Id. at 810. Edwards established in her deposition that had she been looking at the floor before she fell, she would have had no trouble seeing the hanger. We addressed almost identical testimony in *Smith* and held "[t]here was no duty to warn [plaintiff] of a condition of which she had knowledge at least equal to that of defendants." (Citations and punctuation omitted.) Id. Because Edwards did not exercise due care for her own safety we hold, as we did in *Smith*, that "[t]his is a plain, palpable, and indisputable case not calling for resolution by a jury." (Citations and punctuation omitted.) Id. See also *Foodmax v. Terry*, 210 Ga. App. 511, 513 (2) (436 SE2d 725) (1993) (denial of summary judgment for defendant reversed where plaintiff could have seen hazardous condition had she looked).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 23, 1994.

*Jack F. Witcher, Sherrod & Bernard, John W. Sherrod,* for appellant.

*McLain & Merritt, Howard M. Lessinger,* for appellee.