A95A2293. BUTLER v. LANIER PARK REGIONAL HOSPITAL.
(469 SE2d 475)

ANDREWS, Judge.

In this slip and fall case, the trial court granted defendant Lanier Park Regional Hospital's ("Hospital") motion for summary judgment. Plaintiff Barbara Butler appeals, arguing that issues remain to be tried as to whether the Hospital (1) had constructive knowledge of the substance upon which Butler fell and (2) properly inspected the premises.

This case arose after Butler slipped and fell while visiting her

daughter, a patient in the Hospital. Since her daughter's 5:30 a.m. surgery, Butler had been in a waiting room, in her daughter's room, or walking up and down the connecting hallway. At around 2:00 in the afternoon, she walked out of her daughter's room and past the nurses' station in the hall. Within two minutes, she returned. On her way back, she looked up at the clock, and fell near the garbage can by the nurses' station. She did not look at the floor as she walked. Butler testified that she fell on a "whole bunch" of plastic caps used to cover needles.[1] Butler injured her elbow, back, knee, and ankle in the fall; her back subsequently required surgery.

Butler's complaint alleges that the Hospital was negligent in failing to maintain its premises. The Hospital moved for summary judgment, arguing that it had implemented reasonable inspection and cleaning procedures and Butler failed to exercise ordinary care for her own safety. The court granted the Hospital's motion, finding no issues remained to be tried as to the Hospital's lack of knowledge of the plastic caps.

To recover, Butler must prove that: (1) the Hospital had actual or constructive knowledge of the plastic caps, and (2) she lacked knowledge of, or the Hospital prevented her from discovering, the caps. *Smith v. Wal-Mart Stores,* 199 Ga. App. 808, 809 (406 SE2d 234) (1991). The basis for the Hospital's liability is its superior knowledge. *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (422 SE2d 305) (1992). If Butler knew of the plastic caps, or in the exercise of ordinary care could have avoided them, she cannot recover. Id.

Because there is no evidence that the Hospital had actual knowledge, the issue presented is whether it had constructive knowledge of the allegedly hazardous condition. Constructive knowledge can be established with evidence that (1) the Hospital failed to exercise reasonable care in inspecting its premises, or (2) an employee was in the immediate vicinity of the hazardous condition and could easily have noticed and corrected it. *Smith*, 199 Ga. App. at 809.

Evidence that housekeepers conducted their usual inspection of the floors every 20 minutes on the day Butler fell precludes Butler's argument that the Hospital failed to exercise reasonable care in its inspection procedures. *Drake v. Kroger Co.*, 213 Ga. App. 72 (1) (443 SE2d 698) (1994). Moreover, the evidence showed that Butler walked past the area where she fell two minutes before her fall and saw nothing on the floor and her daughter testified that she passed the area five minutes before Butler fell and saw nothing. Where the evidence shows the foreign object at issue could have been on the floor no more

---

[1] This evidence is disputed. The nurse who assisted Butler testified that she saw only the single plastic cap in Butler's hand after the fall, and no other debris littered the floor.

than 10 to 15 minutes, there is no actionable negligence in the failure to discover it. *Mazur v. Food Giant,* 183 Ga. App. 453 (1) (359 SE2d 178) (1987).

Nor does the evidence support the theory that the Hospital's employees could easily have noticed the caps and removed them. Although the evidence as to the number of nurses at the nursing station when Butler fell is disputed, the bare allegation that employees were in the general vicinity of a hazard does not in itself establish constructive knowledge. *Drake,* 213 Ga. App. at 74. Butler has presented no evidence that would show the nurses were in a position to see or remove the caps from the floor. Moreover, it is undisputed that the only nurse Butler actually identified, who assisted her after she fell, was too short to see the area from her seated position.

Moreover, Butler's testimony that she was not looking at the floor when she fell warrants the trial court's disposition of this case. Such testimony reveals a lack of due care. *Alterman Foods v. Ligon,* 246 Ga. 620, 624 (272 SE2d 327) (1980). Thus, the trial court properly granted summary judgment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur in the judgment only.*

DECIDED FEBRUARY 28, 1996.

*Richard W. Summers,* for appellant.
*Sullivan, Hall, Booth & Smith, David V. Johnson,* for appellee.