A96A0966. ROBINSON v. KROGER COMPANY.
(476 SE2d 29)

SMITH, Judge.

This premises liability action arose after Henrietta Robinson allegedly slipped and fell on a green substance in the produce section at a Kroger store. The trial court granted summary judgment to Kroger on the ground that Robinson failed to exercise ordinary care for her own safety, and she appeals.

Viewed in favor of Robinson, the respondent on the summary judgment motion, evidence was presented that after walking between two produce bins, she rounded the corner of one of the bins and slipped and fell on a green substance. She did not see the sub-

---

stance before she fell. Although Robinson testified that she was looking down, she also testified that while walking around the produce bin, she could not see the floor where the substance may have been located. According to Robinson, her vision was obstructed by the bin, and she could not see around the corner of the island as she walked around the angle; she "did not have a good view to where I was going when I turned" because of an overhang on the island. She nonetheless turned the corner and walked into an area just previously beyond her vision. After turning the corner, she took "a step or two" and fell.[1] Contrary to Robinson's contention in her brief that the substance was hidden by the overhang, Robinson admitted in her deposition that the substance was *not* underneath the overhang. She added in her deposition that if the substance had been under the overhang, she would not have stepped on it.

To prevail in a case such as this, a plaintiff must prove that the proprietor had actual or constructive knowledge of the substance *and* that he or she did not have knowledge of the existence of the substance or was prevented by the proprietor from discovering it. *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). An invitee is charged with exercising "ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) Id.

Here, no evidence was presented that Kroger was responsible for Robinson's failure to use her eyesight to see the alleged green substance on the floor near the island. See *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). Without waiting until she had a clear view of the area into which she proceeded, Robinson according to her own testimony made a "sharp turn" around the corner of the produce island. She did not first discern whether it was safe to walk around the island but instead placed her "foot at a location [she] could not see." By walking into an area she could not see rather than choosing an unobscured pathway around the corner of the island, Robinson "in effect, elected to walk in the dark." *Meriwether Mem. Hosp. Auth. v. Gresham*, 202 Ga. App. 535, 537 (1) (414 SE2d 694) (1992). Although the overhang on the island may have obstructed Robinson's eyesight temporarily, she could have avoided stepping where she could not see. This is not a case in which an invi-

---

[1] One of Kroger's employees testified that he saw Robinson brace herself on one of the bins, lower herself to her knees, and "start rolling."

tee fell while being distracted by a store employee. See *J. H. Harvey Co. v. Edwards*, 219 Ga. App. 697 (466 SE2d 246) (1995); *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) (1994). In fact, Robinson admitted that she was not distracted.

Citing *Bodenheimer v. Southern Bell Tel. &c. Co.*, 209 Ga. App. 248 (433 SE2d 75) (1993), Robinson contends that she should not have been "expected to stop at the corner of the bin, peer around the corner to check for small hidden dangers, and to proceed around the corner only after first determining that there is nothing there." In *Bodenheimer*, plaintiff tripped and fell while walking backward and stepping away from a pay telephone. This Court reversed the grant of summary judgment to defendants, finding that plaintiff backed away from the phone booth "in the normal and expected manner of one facing a telephone" and that "it is generally required that one back away from a pay telephone." Id. at 250.

We are not bound by *Bodenheimer*. That opinion is not binding precedent because only two judges on a three-judge panel concurred fully in the opinion. See Court of Appeals Rule 33 (a). Moreover, this case is distinguished factually. Robinson was not using a facility, such as a telephone booth, that required her to back away but was walking forward. We recognize that "[l]ooking continuously, without intermission, for defects in a floor is not required in all circumstances." (Citation and punctuation omitted.) *Fletcher v. Family Center*, 169 Ga. App. 376, 377 (2) (312 SE2d 856) (1983). Nonetheless, it is well established that an invitee must use his or her eyes in a reasonable manner to discern the presence of a dangerous condition. *Alterman Foods*, supra; *Baker v. Winn Dixie Stores*, 219 Ga. App. 513, 514 (465 SE2d 710) (1995). The fact that Robinson was walking around the corner of a vegetable bin did not obviate her duty to look where she was going *before* she walked into an area previously unobserved by her. See *Minor v. Super Discount Markets*, 211 Ga. App. 123, 124 (438 SE2d 384) (1993).

We note some conflict in the record as to Kroger's knowledge of the foreign substance. One Kroger employee stated that on the date Robinson fell, he adhered to his customary practice of inspecting and sweeping the produce department every half-hour and that he did so approximately 15 minutes before he saw Robinson "rolling" on the floor. According to this employee, immediately after he swept the produce department, no foreign substance or material was on the floor of the produce department, including the place where Robinson fell. Another employee, though, stated that the area had *not* been swept for at least an hour prior to Robinson's fall.

Even assuming that Kroger had knowledge of the substance, it was Robinson's "burden to come forward with specific evidence that [Kroger's] knowledge of the peril was superior, for that is the true

ground of the proprietor's liability. When the perilous condition is known to the proprietor and *not known to the person injured*, a recovery is permitted, [cit.], but the person injured is not excused from the duty to exercise ordinary care for her own safety." (Emphasis in original.) Id. at 124. Here, Robinson clearly failed to use her senses in a reasonable manner, as she walked into a previously unobserved area. As in *Minor*, "[w]hatever appellee's knowledge of the peril, there is no genuine issue that the cause of [Robinson's] fall was her own failure to exercise ordinary care." Id. at 125. The trial court did not err in granting Kroger's motion for summary judgment.

*Judgment affirmed. Andrews, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 29, 1996 —<br>RECONSIDERATION DENIED SEPTEMBER 11, 1996 — 

*Fred J. Rushing, Jr.*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Albert M. Yates III, Douglas A. Wilde, James R. Doyle II*, for appellee.