### A97A0740. ADAMS v. SEARS, ROEBUCK & COMPANY et al.
(490 SE2d 150)

BIRDSONG, Presiding Judge.

Celia Faye Adams appeals the grant of summary judgment to Sears, Roebuck & Company and the manager of a Sears' store, Leon Washington. Adams sought damages from Sears and Washington for injuries she allegedly received in a slip and fall in a Sears' store that Washington managed.

Adams' verified complaint alleged that while she was walking in the store and looking at the merchandise, she stepped on a store hanger, lost her balance, and fell to the floor injuring her knee, and the complaint further alleged that the defendants failed to inspect and maintain the store where she fell. After Sears and Washington filed verified answers denying liability, they moved for summary judgment contending that Washington was not liable because he neither owned nor occupied the store, that Sears was not liable because it had no knowledge, either actual or constructive, that the hanger was on the floor, and that Sears was not liable because Adams failed to exercise ordinary care for her own safety.

In support of the motion, Sears and Washington relied upon an affidavit from Washington stating that he was the general manager

of this Sears' store, but he did not have an ownership interest in it, and also an affidavit from another Sears' employee. The employee's affidavit stated that she was working the day of Adams' fall, that her regular duties consisted of constantly straightening the sales floor and this duty includes picking up objects and clothing from the floor and constantly monitoring the sales floor. The affidavit stated that she did not see Adams fall, but she heard a noise, and when she rushed over, she saw Adams had fallen. The employee's affidavit further stated that the employee was in the area where Adams fell 15 to 20 minutes before she fell and the employee did not see any objects, including a hanger or clothing, on the floor.

Adams' response to the motion for summary judgment asserted that genuine issues of material fact remained for trial. The response was supported by affidavits from Adams and a friend who was shopping with her that day. Adams' affidavit stated as she stood near a dress rack, she stepped on a plastic hanger that was on the floor. At the time she stepped on the hanger, she was looking at the dresses on the rack, and she did not see the hanger which caused her fall until after she fell. The affidavit from Adams' friend stated that while she was shopping with Adams, she saw Adams lose her balance and fall and that after Adams fell, she saw a hanger on the floor near Adams' feet. Nothing in the evidence submitted by Adams, however, showed or allowed any inference of how long the hanger may have been on the floor before Adams fell.

Although raised in the motion for summary judgment, the trial court pretermitted the issue of actual or constructive knowledge of the hanger on the floor and granted summary judgment to Sears because the evidence did not create a jury issue on whether Adams exercised ordinary care for her own safety. The trial court also granted summary judgment to Washington because he was not an owner or occupier of the premises.

This appeal followed. Adams contends the trial court erred by granting summary judgment because genuine issues of material fact existed on whether she exercised due care before she fell, whether Sears failed to exercise ordinary care for Adams' safety, and whether Washington is liable to Adams for her injuries. *Held*:

1. When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432); *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1) (392 SE2d 535). Further, the standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and

conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). On motions for summary judgment, the court cannot resolve the facts or reconcile the issues (*Fletcher v. Amax, Inc.*, 160 Ga. App. 692, 695 (288 SE2d 49)), but it is only where the contradictions by witnesses are to matters relevant and material to the issues that it is error to grant a motion for summary judgment. *Raven v. Dodd's Auto Sales & Svc.*, 117 Ga. App. 416, 422 (160 SE2d 633). Further, it is the duty of each party at summary judgment to present her case in full or risk judgment going against her (*Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173)), and on appeal, a grant of summary judgment will be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (431 SE2d 746).

2. Adams' contention that Washington, the store manager, is personally liable for her injuries is without merit. Regardless of whether Sears might be liable in this case, because Washington was neither an "owner nor occupier" of the Sears' store, he cannot be held liable under OCGA § 51-3-1, as a matter of law, and Adams has asserted no other basis for imposing personal liability upon him.

3. The standards which must be met to establish liability on the part of a proprietor in slip and fall cases are set forth in *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327). *Coffey v. Wal-Mart Stores*, 224 Ga. App. 824, 826 (482 SE2d 720). "[T]o state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant [she] slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods*, supra at 623.

"Of course, merely showing that the plaintiff fell establishes nothing. Proof of nothing more than the occurrence of plaintiff's fall is insufficient to establish defendant's negligence. To presume that because a customer falls in a store that the proprietor has somehow been negligent would make the proprietor an insurer of his customer's safety which he is not in this state." (Citations and punctuation omitted.) *Coffey v. Wal-Mart*, supra at 828 (2).

In this case, Adams' proof amounts to nothing more than she slipped and fell on the hanger while shopping at Sears. This is not sufficient to satisfy either prong of the test established in *Alterman Foods*. There is no evidence showing, nor any evidence from which it can be inferred, that Sears had actual or constructive knowledge of the hanger. Therefore, summary judgment could have been properly granted on the first prong of *Alterman Foods*.

Also, no evidence shows that for any reason attributable to Sears Adams was prevented from knowing of the hanger. Her only excuse for not seeing the hanger is that she was distracted by looking at the dresses. As the trial court correctly pointed out, this is not a valid reason. *Harper v. Kroger Co.*, 212 Ga. App. 570, 571 (443 SE2d 7), citing *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 378-379 (124 SE2d 688). Moreover, even if there were some question about the propriety of granting summary judgment on this second prong of the *Alterman Foods* standards, there is no evidence showing that Sears had actual or constructive knowledge that the hanger was on the floor, and consequently the grant of summary judgment could be affirmed properly on that ground. *Malaga Mgmt. Co. v. John Deere Co.*, supra. Adams simply failed to satisfy her obligations as a respondent to a motion for summary judgment under *Lau's Corp. v. Haskins*, supra. Accordingly, the trial court did not err by granting summary judgment to Sears.

4. Although the dissent seeks to avoid the reach of *Alterman Foods v. Ligon*, this cannot be done. "The Supreme Court of Georgia has not rejected or revised *Alterman Foods*. Therefore, the *Alterman Foods* standards are binding on this Court even though some may believe there is a better concept for allocating the burdens on the parties in these cases. 'The decisions of the Supreme Court shall bind all other courts as precedents.' Ga. Const. 1983, Art. VI, Sec. VI, Par. VI; *Coffey v. Wal-Mart*, [supra at 827]." *Hartley v. Macon Bacon Tune*, 227 Ga. App. 679, 682 (4) (490 SE2d 403) (1997).

5. Further, the dissent's attempt to deem the guidance on foreign substance cases in *Alterman Foods v. Ligon* as mere dicta has recently been rejected by this Court. *Hartley v. Macon Bacon Tune*, supra. Consequently, the principles established in *Alterman Foods v. Ligon* cannot be swept aside, and *Alterman Foods v. Ligon* remains the controlling precedent in the area of slip and fall cases. *Hartley v. Macon Bacon Tune*, supra.

6. In the same manner, the effort to limit *Alterman Foods v. Ligon* by establishing new categories of foreign substance slip and fall cases and then redefining what must be established to prove a cause of action in each of them must also fail. *Hartley v. Macon Bacon Tune*, supra. The classifications the dissent proposes all fall within the categories considered in *Alterman Foods*. "In the majority of the so-called 'slip and fall' cases the plaintiff alleges either that he slipped on a foreign substance — grit, vegetable leaves, trash, objects which have fallen from store shelves, etc. — on defendant's floor, or that defendant's floor has been made dangerously slippery by waxing, oiling or otherwise treating it." Id. at 622. Thus, because the Supreme Court failed to list every conceivable foreign substance which could possibly find its way to a floor does not mean that it

intended for new standards of proof to be established for other substances that, while not listed, are plainly substances which were not placed on the floor intentionally by the proprietor and, consequently, are foreign substances within the meaning of *Alterman Foods v. Ligon.* See *Hartley v. Macon Bacon Tune*, supra.

7. Further, review of the standards proposed by the dissent shows that their effect would require proprietors to patrol constantly their premises and would, in effect, make them insurers of their customers' safety, regardless of how well the premises were maintained. That is not the law in this state. *Alterman Foods v. Ligon,* supra at 624; *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641); *Key v. J. C. Penney Co.*, 165 Ga. App. 176 (299 SE2d 895).

8. "This Court also cannot do away with the obligation of plaintiffs to make use of all their senses to discover and avoid those things that might hurt them. *Alterman Foods*, supra at 623. To say that the trial court could not infer that [Adams] would not avoid an obvious danger relies upon the concept that if [Adams] had bothered to look, had seen the [hanger she] claims was on the floor, and had stepped [on] it anyway, [she] should still recover. Under this theory, one apparently must assume that someone facing an apparent danger would intentionally disregard it and that a proprietor must somehow take action to protect these customers from themselves. This is not our law, and it is contrary to human nature as well as *Alterman Foods* and the doctrine of assumption of the risk." *Hartley v. Macon Bacon Tune*, supra at 683-684. The dissent's concept (which is not supported by citation of authority) that a movant for summary judgment is never entitled to the benefit of an inference is contrary to our law. Id. Although it is true that the party responding to the motion must be given the benefit of all reasonable doubts and the construction of the evidence and all inferences and conclusions therefrom (*Lau's Corp.*, supra; *Moore v. Goldome Credit Corp.*, supra), this does not mean that a movant for summary judgment is never entitled to receive the benefit of an inference. Moreover, if this were true, a grant of summary judgment could never be based upon circumstantial evidence, and such a concept is surely contrary to the statement in *Lau's Corp.* that "summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp.*, supra at 495 (4). Although the non-moving party is entitled to the benefit of all reasonable inferences to be drawn from the facts, sometimes the *only* permissible inference is contrary to the interests of the nonmoving party, and in such cases summary judgment for the movant may be authorized.

9. Moreover, the dissent's discussion about the burdens on the

parties was recently rejected by this Court in *Hartley v. Macon Bacon Tune*, supra. In that appeal as well as this one, the dissent has confused the burden on the plaintiff in a foreign substance slip and fall case under *Alterman Foods* with the affirmative defenses of contributory or comparative negligence or assumption of the risk. They are not the same thing. Id. Therefore, requiring that plaintiffs carry their burden on these elements is not the same as requiring them to disprove affirmative defenses.

Accordingly, the trial court did not err by granting summary judgment to Sears, Roebuck & Company and Leon Washington in this case.

*Judgment affirmed. Andrews, C. J., Johnson and Smith, JJ., concur. Ruffin, J., concurs and concurs specially. Pope, P. J., Beasley and Blackburn, JJ., concur specially. Eldridge, J., dissents. McMurray, P. J., dissents without opinion.*

BEASLEY, Judge, concurring specially.

I concur and note the following.

Appellant admits in her brief that "[t]he [alleged] hanger was concealed by the dresses on the rack and no customer or sales clerk could have seen the hanger unless they looked under the dresses on the rack." Since her complaint is that defendants "negligently failed to inspect and maintain the area of the store where the plaintiff fell," it is dependent on a legal duty of the proprietor to constantly look under clothing hanging on racks to assure that no objects such as hangers had been placed or had fallen there which might trip an invitee who placed a foot under the hanging clothes. Appellant cites no authority or analogous case which would cover such a theory.

In addition, two significant procedural deficiencies should be pointed out. One is that although plaintiff's deposition was taken, it is not a part of the record on appeal nor was it part of the evidence considered by the trial court. The trial court pointed out in its summary judgment order that the deposition had never been filed so it could not be considered. Defendants attempted to file it thereafter and subsequently moved the court to vacate its order and reconsider the motion for summary judgment in light of plaintiff's deposition. But plaintiff filed her notice of appeal, depriving the trial court of jurisdiction to rule on the motion, and the court acknowledged this.

Consequently, both the motion for summary judgment and this appeal proceed on the affidavits of plaintiff and her shopping companion and on the affidavits of the sales associate and the manager, a defendant. Appellant refers to her deposition in her brief and also to the manager's response to interrogatories, but neither document is before us.

The second procedural deficiency is the appellant's total failure

to make specific reference to the record in her brief. She has failed to comply with the clear rule requiring it. Court of Appeals Rule 27 (c) (3) (i). Thus we must hunt the dark forest of the record for the pinpoint shafts of light she relies on. "That vexing and vexatious search for error through an appellate record where no citation is in appellant's brief is not the function of appellate judges." *Studard v. Dept. of Transp.*, 219 Ga. App. 643, 646 (3) (466 SE2d 236) (1995).

I am authorized to state that Judge Ruffin joins in this special concurrence.

BLACKBURN, Judge, concurring specially.

I concur specially, because I do not agree with everything that is said in the majority opinion. Its result is appropriate however under the past holdings of this Court and our Supreme Court. I sympathize with the dissent's dissatisfaction and frustration with the present state of premises liability analysis, which sentiments I expressed in my dissent in *Blake v. Kroger Co.*, 224 Ga. App. 140 (480 SE2d 199) (1996). It is clear, however, that under the binding precedent of Supreme Court rulings, this Court is without authority to modify the law or create new rules of analysis, which are inconsistent therewith. Neither does this Court have the authority to overrule the Supreme Court as the dissent would effectively do. This is true without regard to the merits of the suggested changes. Only the Supreme Court or the General Assembly of Georgia has the authority to change the law of premises liability under the present state of the law.

I am authorized to state that Presiding Judge Pope joins in this special concurrence.

ELDRIDGE, Judge, dissenting.

I respectfully dissent except as to the division finding Leon Washington not personally liable. Appellant is constitutionally entitled to have her case decided by a jury rather than by the trial court and by this Court. Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a); OCGA § 9-11-56; *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1974); *Ginn v. Morgan*, 225 Ga. 192 (167 SE2d 393) (1969); *Butterworth v. Pettitt*, 223 Ga. 355 (155 SE2d 20) (1967). Because appellee failed to carry the burden of proof on summary judgment, appellant is entitled to a jury trial; therefore, I must respectfully dissent.

Since *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980), this Court has followed dicta in that opinion to create an extensive body of decisions that radically departed from the jurisprudence of tort law and created a unique power in the trial courts to grant summary judgment in slip and fall cases. See generally *Blake v. Kroger Co.*, 224 Ga. App. 140, 153-154 (480 SE2d 199) (1996)

(Blackburn, J., dissenting), for a similar, compelling discussion of the consequences of this Court's consistent and troubling misapplication of the principles of *Alterman Foods* and *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), to slip and fall cases, particularly those in which the facts fall outside the holding of *Alterman Foods*. This has led to the legal consequence that, if a plaintiff failed to look where his or her foot was placed, whether such vision was obscured or totally blocked, then such failure to see a hidden danger became contributory negligence, which is traditionally an affirmative defense. In creating such rule, the courts failed to require proof of any other elements: (1) opportunity to see the danger, (2) appreciation of the danger, (3) opportunity to avoid the danger, (4) proximate cause, and (5) consideration of the mitigating doctrine of comparative negligence. Unfortunately, *Robinson v. Kroger Co.*, 222 Ga. App. 711 (476 SE2d 29) (1996), is but the logical progression of such method of analysis and a misapplication of *Alterman Foods*.

Further, this problem of analysis has been compounded by a misapplication of *Lau's Corp.*, because in many recent slip and fall cases, unlike in *Lau's Corp.*, the respondent is not given the benefit of all reasonable, favorable inferences, or the converse: having no *unfavorable* inferences of fact made against the respondent. Moreover, under this misapplication of *Lau's Corp.*, there is no burden placed upon the movant, even as to issues such as contributory negligence or assumption of the risk, upon which issues the defendant *does* have the burden of proof at trial. *Lau's Corp.* held that a movant could show the absence of an essential element in the respondent's case, not only by presenting evidence which negates or disproves such alleged element, but also by showing that there was no evidence that the respondent could produce to demonstrate the existence of such element.

Much of the majority's analysis is based upon the misapplication of dicta from *Summer-Minter v. Giordano*, supra at 604, which states, "It is thus seen that it is the duty of each party at the hearing on the motion for summary judgment to present [her entire] case in full." However, this statement is taken out of context; the Supreme Court stated immediately preceding such quote that OCGA § 9-11-56 (e) required, after the burden shifted upon the movant piercing the respondent's complaint, that the respondent come forward with whatever evidence was necessary to survive summary judgment, because the plaintiff could not relitigate by amendment of the complaint on such issue prior to remand and then submitting additional evidence. The respondent has no burden of proof unless and until the movant successfully pierces the respondent's complaint by first discharging its burden of proof. If the movant also has the burden of proof at trial, as with an affirmative defense, then the burden of

proof on summary judgment does not shift to the respondent, only the burden of production, i.e., to come forward with sufficient evidence to create a material issue of fact as to the essential elements of movant's affirmative defense of contributory negligence or assumption of the risk, because plaintiff's complaint is not pierced by an affirmative defense; the defendant has proven each of the elements of a prima facie affirmative defense asserted as an affirmative defense in the answer. In slip and fall cases, the majority would deem that proof of contributory negligence for purposes of summary judgment is complete with the plaintiff admitting that she did not look to see where her foot was placed immediately prior to the fall; the majority would not require the additional factually supported elements of: (1) opportunity to avoid the danger, (2) appreciation of the danger, and (3) proximate cause, which elements must be supported by evidence before the trial court on summary judgment as part of establishing the prima facie affirmative defense. Under tort law, if proof of such elements of contributory negligence is required, then the trial court, as well as this Court, has found the necessary elements on summary judgment by making *negative* inferences against the plaintiff and in favor of the defendant from proof of the plaintiff's failure to look. Clearly, proof of failure to look, alone, is insufficient to establish prima facie all the elements of contributory negligence when such burden of proof always remains on the defendant on summary judgment or trial.

"Summary judgment is appropriate [in slip and fall cases] when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant [plaintiff], concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp.*[, supra]." *Jenkins v. Bi-Lo*, 223 Ga. App. 735 (479 SE2d 14) (1996).

As a business property owner/occupier, appellees had a duty to exercise ordinary care in keeping the premises safe for invitees, such as the appellant. OCGA § 51-3-1. "This includes a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises. The true ground of liability in such a relationship is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm," where the owner/occupier did not create the hazard through active negligence. (Citations and punctuation omitted.) *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992) and citations therein. Although a property owner is not an insurer of an invitee's safety, they are required to exercise "such diligence toward making the premises safe as the ordinarily prudent person in such matters is

accustomed to use." Id.; see also *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984); *Pound v. Augusta Nat.*, 158 Ga. App. 166, 167 (279 SE2d 342) (1981). However, there is no duty for the owner to continuously patrol the floor when there are no conditions making the premises unusually dangerous. *Winn-Dixie Stores v. Hardy*, 138 Ga. App. 342 (226 SE2d 142) (1976).

Further, if the defendant asserts that the plaintiff/invitee's own negligence caused the injury, they may be entitled to summary judgment. However, issues of material fact may be presented and "the affirmative defenses of contributory and comparative negligence and assumption of the risk require a defendant to prove that a plaintiff's conduct was unreasonable under the circumstances or that plaintiff knowingly encountered a known danger with appreciation thereof. Thus, *jury questions* are often presented as to whether the affirmative defenses have been established." (Citation and punctuation omitted; emphasis in original.) *Continental Research Corp. v. Reeves*, 204 Ga. App. 120, 127 (3) (419 SE2d 48) (1992).

Notably, this is not the posture adopted by this Court from the Supreme Court of Georgia's ruling in *Alterman Foods,* supra at 623. In *Alterman Foods*, the Supreme Court considered a slip and fall case involving an alleged negligently maintained floor. After the defendant pierced the plaintiff's pleadings by proving that the methods used to care for the floor did not result in a slippery surface, the Court looked to the plaintiff's evidence and concluded that the plaintiff had failed to prove negligence on the part of the defendant; the issue of the plaintiff's own negligence was not addressed in the holding.

However, in dicta, the Supreme Court noted that "in order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant [the plaintiff] slipped and fell *on a foreign substance* on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." (Emphasis supplied.) *Alterman Foods*, supra at 623; see also *Baker v. Winn Dixie Stores*, 219 Ga. App. 513, 514 (465 SE2d 710) (1995). In essence, the Court shifted the burden to the plaintiff to prove that they were exercising ordinary care even though, in other areas of tort law, the burden is on the defendant to prove, as an affirmative defense, that the plaintiff was not using ordinary care in avoiding the defendant's own negligence or a patent danger. See, e.g., *Stiltjes v. Ridco Exterminating Co.*, 192 Ga. App. 778, 779 (386 SE2d 696) (1989); *Meacham v. Barber*, 183 Ga. App. 533, 535-536 (2) (359 SE2d 424) (1987). Notably, *Alterman Foods* did not overrule this long-

standing principle, and a careful analysis of the opinion requires that it not be extended beyond the facts presented and applied to circumstances in which both the negligence of the owner/occupier and the plaintiff are based upon circumstantial evidence regarding what a reasonable inspection would reveal to each party, in contrast to what they actually knew. The plaintiff will be barred from recovery when the hazard is patent, open, and obvious, so that he or she has a duty to avoid the hazard or assume a known risk. See *Pound v. Augusta Nat.*, supra at 167-168; *Hunt v. Thomasville Baseball Co.*, 80 Ga. App. 572, 573 (56 SE2d 828) (1949).

Notably, there are many different categories of slip and fall cases, some of which are distinguishable enough to justify a different analysis from that offered in *Alterman Foods*. In fact, five different slip and fall fact situations have emerged, with some overlap between the categories. These categories include a slippery surface due to a (1) negligently maintained floor surface, see, e.g., *Alterman Foods*, supra, *Hall v. Cracker Barrel Old Country Store*, 223 Ga. App. 88 (476 SE2d 789) (1996), *DeKalb County Hosp. Auth. v. Theofanidis*, 157 Ga. App. 811 (278 SE2d 712) (1981); (2) design or construction defect, see generally *Barksdale v. Nuwar*, supra (deck collapse), *Pinkney v. VMS Realty*, 189 Ga. App. 177 (375 SE2d 90) (1988) (unmarked ramp); (3) foreign substance, such as mud, rain water, etc., see, e.g., *Haire v. City of Macon*, 200 Ga. App. 744 (409 SE2d 670) (1991) (mud on ramp outside of building); (4) indigenous substance, such as cleaning solutions, waste or spills from food or other products, see, e.g., *Jenkins v. Bi-Lo*, supra, *Robinson v. Kroger Co.*, supra, *Baker v. Winn Dixie Stores*, supra (green beans), *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809 (440 SE2d 548) (1994), *Foodmax v. Terry*, 210 Ga. App. 511 (436 SE2d 725) (1993), *Morris v. Ryan's Family Steak Houses*, 206 Ga. App. 369 (425 SE2d 362) (1992), *Smith v. Wal-Mart Stores*, 199 Ga. App. 808 (406 SE2d 234) (1991), *Winn-Dixie Stores v. Hardy*, supra; and (5) misplaced, discarded, or fallen merchandise, product displays, or other merchant instrumentalities, such as hangers, display components, product boxes, wrapping materials, etc., see, e.g., *Butler v. Lanier Park &c. Hosp.*, 220 Ga. App. 386 (469 SE2d 475) (1996) (syringe cap), *Edwards v. Wal-Mart Stores*, 215 Ga. App. 336 (449 SE2d 613) (1994) (hangers). Since each category is distinguishable as to whether the potential hazard is foreseeable by the owner/occupier, each presents a different analysis in considering whether the defendant's efforts are reasonable under the circumstances, as well as whether the plaintiff could discover and recognize the risk and act accordingly for his or her own safety once the risk is known and should be appreciated. The *Alterman Foods* analysis may function quite well regarding negligent maintenance cases, even though the Supreme Court never reached the question of

the plaintiff's own negligence. *Alterman Foods* also provides guidance in foreign and indigenous substance cases, where the presence of the substance is not previously known to exist by either plaintiff or defendant. In these cases, the defendant's superior knowledge of the problem must be proven by the plaintiff in order to recover, and the defendant can disprove any knowledge by showing simply that it used reasonable inspection procedures to identify and remove the slippery substances. Where, however, the defendant has a duty to foresee a recurring danger or has voluntarily assumed a duty to inspect for a recurring danger, the duty to foresee by the owner/occupier does not require actual or constructive notice of such danger when it, in fact, recurs.

However, in the case sub judice, we are faced with a hazard presented by a necessary instrumentality of the merchant's business, a clothes hanger, which causes a hazard that constantly recurs at predictable times and circumstances. Such hangers, unfortunately, are prone to being placed upon or falling to the floor, a foreseeable situation that appellee recognized in adopting an inspection procedure that explicitly requires employees to "constantly" look for fallen hangers and clothes. Recognition of the probability that these objects could create a hazard for customers supports a finding that such hazards are *foreseeable*, and therein lies the essential difference from cases involving negligent maintenance, foreign substances, and to a lesser extent, indigenous substances: there is no need for notice of the danger to create a duty of care, since the owner/occupier is already under a duty to guard against such a recurring, foreseeable danger.

Further, the situation in the case sub judice is more analogous to trip and fall cases, including those involving hazards which are caused by the active negligence of the owner/occupier, than those cases involving a slip and fall. See, e.g., *Shubert v. Marriott Corp.*, 217 Ga. App. 184 (456 SE2d 680) (1995) (protruding cart); *Riggs v. Great A & P Tea Co.*, 205 Ga. App. 608 (423 SE2d 8) (1992) (box in aisle); *Wal-Mart Stores v. Hester*, 201 Ga. App. 478 (411 SE2d 507) (1991) (box in aisle); *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427 (263 SE2d 171) (1979) (protruding display table). Appellant asserts that she slipped and fell after stepping on a clothes hanger; it would be inherently unfair to deny appellant the opportunity to recover for her slip and fall by granting appellee's motion for summary judgment, and yet permit appellant to go to trial if she instead had tripped, an equally likely possibility.

Recognizing that an *Alterman Foods* analysis is not appropriate here, we instead must look to the roots of premises liability to develop the factors in an appropriate analysis, one that is strictly limited to slip and fall cases involving merchandise, packaging

materials, displays, and other marketing instrumentalities. To assert a cause of action under such an analysis, a plaintiff must present evidence to prove (1) that a hazard or danger existed; (2) that the defendant's acts or omissions caused the hazard; (3) that, if not, the defendant had actual or constructive knowledge of the alleged hazard caused by others; (4) that the defendant was negligent in inspecting or preventing such hazard from occurring or in removing the hazard once it occurred; and (5) that the hazard caused the plaintiff's injury.

In proving actual knowledge, the plaintiff could present evidence of active negligence by the owner/occupier in placing or abandoning materials where they may create a hazard for invitees, such as leaving boxes of trash bags in a store aisle. See *Wal-Mart Stores v. Hester*, supra; see also *Riggs v. Great A & P Tea Co.*, supra; *Sears, Roebuck & Co. v. Chandler*, supra (placing an object in the aisle equals superior knowledge). Absent actual knowledge of a potential hazard, the plaintiff can prove the defendant's constructive knowledge of a hazard caused by others by establishing that the hazard complained of is of such regular occurrence that it is foreseeable, such as hangers falling from a clothes rack or being placed on the floor in a department store. Actual knowledge may also be shown by circumstantial evidence of the creation of the hazard by the owner/occupier when the instrumentality at issue is under the defendant's control, such as boxes of unshelved merchandise. Where, as here, the owner/occupier has chosen to make regular timely inspections, then it has assumed both the duty of making reasonable inspections for hazards created by others and the duty to foresee clothes hangers being on the floor immediately after customers have looked at or removed clothes in the area.

After proving that the defendant possessed actual or constructive knowledge about a potential hazard, the plaintiff must then prove that the defendant was negligent in preventing the hazard, i.e., by failing to do what a reasonably prudent employee/salesperson would do to prevent foreseeable hazards. Such foreseeability is greater than in foreign substance cases decided under *Alterman Foods*, where the potential hazards occur less frequently, are often caused by the acts of others, are more diverse, and are, therefore, less foreseeable. This is in contrast to hazards, such as in the case sub judice, which frequently recur under predictable circumstances involving customers and merchant instrumentalities. A reasonable, prudent salesperson should foresee that a hanger may fall or be placed on the floor by the customers who are going through the clothes racks, trying on or purchasing items of clothing.

The defendant may respond to allegations of negligence by presenting evidence that the procedures were reasonable and that

they adhered to a reasonable, consistent inspection schedule. See
*Drake v. Kroger Co.*, 213 Ga. App. 72 (443 SE2d 698) (1994); *J. H.
Harvey Co. v. Johnson*, supra; *Morris v. Ryan's Family Steak Houses*,
supra. This fulfills a merchant's duty to protect invitees from "dan-
gers which are foreseeable from the arrangement and use of the
premises," but the existence of which is not actually known. *Begin v.
Ga. Championship Wrestling*, supra at 294, citing Prosser, Law of
Torts (4th ed.), p. 393, § 61. Evidence of a reasonable inspection pro-
cedure may discredit an allegation that the defendant had construc-
tive knowledge of the existence of a specific hazard. *J. H. Harvey Co.
v. Johnson*, supra. However, since the reasonableness of an inspec-
tion procedure depends on all of the circumstances including the like-
lihood that an instrumentality under the control of the defendant
would create a hazard, the question of whether the defendant negli-
gently failed to inspect an area and thereby prevent a hazard from
occurring will usually be a jury issue.[1] See *Edwards v. Wal-Mart
Stores*, supra; *Smith v. Wal-Mart Stores*, supra; *DeKalb County Hosp.
Auth. v. Theofanidis*, supra; see also *Blake v. Kroger Co.*, supra at 155
(Blackburn, J., dissenting).

Finally, the plaintiff must present evidence that the defendant's
negligence was the proximate cause of the injury. After the plaintiff's
prima facie case is established, the defendant may come forward with
evidence intended to disprove the plaintiff's case, such as adherence
to a reasonable inspection procedure. At this point, the burden shifts
to the defendant to establish as an affirmative defense that the plain-
tiff's injury was caused by the plaintiff's own negligence, even if the
hazard was present and the defendant had knowledge of its existence
but failed to act, if the defendant intends to rely on the defenses of
contributory negligence, comparative negligence, or assumption of
the risk. *Stiltjes v. Ridco Exterminating Co.*, supra at 779; *Meacham
v. Barber*, supra at 535-536.

In differentiating these defenses, it is important to note that
"there are two classifications of negligence as to the plaintiff, contrib-
utory and comparative. Contributory negligence is of two separable,
distinct defenses: first the plaintiff must at all times use ordinary
care for his own safety; that is, he must not by his own negligence (or
consent) proximately cause his own injuries [by encountering an
open and obvious hazard]; and second, the plaintiff must use ordi-
nary care to avoid the consequences of the defendant's negligence

---

[1] *Butler v. Lanier Park &c. Hosp.*, supra, purports to establish a per se rule regarding
the reasonableness of inspection procedures. In *Butler*, this Court found that the defendant
hospital's policy of patroling the floors approximately every 20 minutes was reasonable as a
matter of law. However, *Butler* is not binding precedent, as two of the three judges on the
panel concurred in judgment only.

when it is apparent or when in the exercise of ordinary care it should become apparent. Either or both of these defenses go *in bar* of the right of recovery. Comparative negligence by the plaintiff is that negligence which joins with the negligence of the defendant in proximately causing the injuries of the plaintiff and goes *in reduction* of the *amount of recovery* in proportion that the negligence of the plaintiff compares with that of the defendant, resulting, *by reduction*, in a bar of recovery when the negligence of the plaintiff is equal to or greater than that of the defendant. Comparative negligence is applicable only when the jury has not found either the negligence of the plaintiff or that of the defendant to be the sole proximate cause." (Citations omitted; emphasis in original.) *Whatley v. Henry*, 65 Ga. App. 668, 674 (16 SE2d 214) (1941); see also *Carrandi v. Sanders*, 188 Ga. App. 562 (373 SE2d 661) (1988) (clarifying the avoidance doctrine).

One critical aspect of this analysis is that evidence of the plaintiff's own negligence no longer serves as a bar to recovery unless it is established that the plaintiff's negligence was the sole proximate cause of the injury. Under *Alterman Foods*, a finding that the plaintiff was negligent, *even in the slightest degree*, acts as a total bar to recovery by absolving the defendant of liability without consideration of the effect of the defendant's own negligence as a concurrent proximate cause, thereby treating plaintiff's negligence as the supervening proximate cause. As a result, it is almost impossible for a plaintiff to survive summary judgment under the *Alterman Foods* analysis.

Under *Alterman Foods*, the invitee must use "ordinary care for his own safety and must by the same degree of care avoid the effect of the merchant's negligence *after it becomes apparent to him* or in the exercise of ordinary care he *should have learned* of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted; emphasis supplied.) *Alterman Foods*, supra at 623. The pre-*Alterman Foods* standard of care presents the standard of reasonableness for the type of case under consideration. Such standard of ordinary care recognizes that the owner/occupier has a duty to exercise ordinary care in keeping the premises safe for invitees, "includ[ing] a duty to anticipate the negligence of others which is usual or likely to happen," and that the invitee, who " 'may rely upon the discharge of this duty[,] . . . is not necessarily, and as a matter of law, guilty of negligence in failing to discover the existence of a patent defect in the premises which renders it unsafe for persons coming upon the premises.' *Cooper v. Anderson*, 96 Ga. App. 800, 810 (101 SE2d 770) [(1957)]." *Winn-Dixie Stores v. Hardy*, supra at 343-344; see also *Begin v. Ga. Champion-*

*ship Wrestling,* supra. "It is [the invitee's] duty to exercise ordinary care to observe such obstructions as an ordinarily prudent person would, under normal conditions, expect in the aisles of the place of business in which he is an invitee. [Cit.] Looking continuously, without interruption, for defects in the premises is not required. [Cit.] The invitee is not bound to avoid tripping or stumbling over articles which are not usually obstructing aisles of a store, and which in the exercise of ordinary care he did not observe. Neither is he barred from recovery simply because by extreme care on his part it would have been possible to have discovered the article or obstruction left in the aisle customarily used by patrons. [Cit.]" *Sears, Roebuck & Co. v. Chandler,* supra at 428; see also *Haire v. City of Macon,* supra. Under this ordinary care standard, it is reasonable to expect a customer to alternately scan the floor while also looking toward the merchandise, the raison d'être for the customer's presence in the store. This is not a "distraction" defense, but a realistic and reasonable appraisal of the plaintiff's duty to exercise care for his own safety in a retail setting. Compare *Wal-Mart Stores v. Hester,* supra; see also *Foodmax v. Terry,* supra; *Stenhouse v. Winn Dixie Stores,* 147 Ga. App. 473 (249 SE2d 276) (1978). To bar recovery by the plaintiff on summary adjudication, the hazard must be so open and obvious that one exercising reasonable care would see the hazard, recognize the danger, and have the opportunity to avoid the danger. If the hazard is not shown to be open and obvious at all times by competent evidence, then a jury question exists as to when the plaintiff could have discovered the hazard and whether it could then be avoided.

However, if the defendant presents evidence that supports a contributory or comparative negligence defense, the plaintiff, in order to survive a defendant's motion for summary judgment, cannot rely on the pleadings but must present evidence that he acted reasonably under the circumstances; all facts and inferences are to be construed in the light most favorable to the non-movant/plaintiff. *Lau's Corp. v. Haskins,* supra at 491. "Whether the invitee customer might have discovered the article or obstruction . . . and avoided the injury to himself by the exercise of ordinary care, must be determined in the light of *all the attendant circumstances* [cit.], and is a question for the jury. [Cit.]" (Emphasis supplied.) *Sears, Roebuck & Co. v. Chandler,* supra at 430; see also *Pinkney v. VMS Realty,* supra. "[T]he affirmative defenses of contributory and comparative negligence and assumption of the risk require a defendant to prove that a plaintiff's conduct was unreasonable under the circumstances or that plaintiff knowingly encountered a known danger with appreciation thereof. Thus, *jury questions* are often presented as to whether the affirmative defenses have been established." (Punctuation omitted; emphasis in original.) *Continental Research Corp. v. Reeves,* supra at 127

(3), quoting *Weatherby v. Honda Motor Co., Ltd.*, 195 Ga. App. 169, 171 (393 SE2d 64) (1990). Even where the plaintiff could have seen the substance or object had he or she looked, unless the object could plainly be seen from a sufficient distance to avoid the hazard, a fact question remains as to whether the plaintiff could have avoided contact with it; the object may not have been observable until the point in time and space when the plaintiff's step was made and the fall became inevitable.

Therefore, unless the evidence is plain, palpable, and indisputable that the plaintiff/invitee's negligence was the sole proximate cause of the plaintiff's injury, which means that there is no way in which plaintiff could not avoid seeing the hazard except by his or her own negligence, the issues of ordinary care, diligence, proximate cause, contributory negligence, and comparative negligence must be resolved by a jury rather than by summary adjudication. *Shubert v. Marriott Corp.*, supra; *Haire v. City of Macon*, supra; *Pinkney v. VMS Realty*, supra; *Begin v. Ga. Championship Wrestling*, supra; *Ga. Power Co. v. Knighton*, 169 Ga. App. 416, 417 (312 SE2d 872) (1984); *Kitchens v. Winter Co. Builders*, 161 Ga. App. 701 (289 SE2d 807) (1982); *DeKalb County Hosp. Auth. v. Theofanidis*, supra; *Sears, Roebuck & Co. v. Chandler*, supra. "Where the evidence is susceptible of more than one inference, it is the jury rather than the trial judge who should make the determination." *Ga. Power Co. v. Knighton*, supra at 417.

It is not plain, palpable, or indisputable in the case sub judice that the appellant failed to exercise ordinary care for her own safety. The evidence shows that the appellant was looking at the floor while walking toward the clothes rack and did not notice a hanger on the floor. After removing a dress from the rack, she slipped and fell as she turned around to replace the dress. She admits that, at the time of the fall, she was not looking at the floor but instead was looking at the dresses on the rack, but it has not been shown that she could have seen the hanger on the floor had she looked immediately prior to her step. As she lay on the floor after the fall, she noticed a hanger lying at her feet. The trial court construed the evidence with an inference against appellant that she would have seen the hanger had she looked; this is a negative inference against the respondent not based upon direct evidence. However, we cannot say, as a matter of law, that appellant failed to exercise reasonable care for her own safety under these circumstances. Compare *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994).

Further, the "plain view" doctrine does not compel a finding that the appellant would have seen the hanger if she had been looking. See *Sears, Roebuck & Co. v. Chandler*, supra at 429; *Moore v. Kroger Co.*, 87 Ga. App. 581 (74 SE2d 481) (1953). There is no evidence that

the hanger was in the plain view of the appellant; she stated that she did not see the hanger as she approached the clothes rack, even though she was watching where she was going. Further, Lukat, the Sears employee, admitted that she did not see a hanger during her inspection 20 minutes prior to the fall, nor did she see it after the fall. Construed in the light most favorable to the appellant, a reasonable factfinder could conclude that if a hanger was present, it was concealed by the clothes rack. See *Lau's Corp. v. Haskins*, supra; see also *Stenhouse v. Winn Dixie Stores*, supra at 474.

The case sub judice is distinguishable from this Court's ruling in *Edwards v. Wal-Mart Stores*, supra, wherein an invitee slipped on a white plastic hanger on her way to the dressing room. In *Edwards*, the plaintiff admitted that there were several hangers on the floor and that "had she been looking at the floor before she fell, she would have had no trouble seeing the hanger." Id. at 338. Further, evidence indicated that store employees had just inspected the area five minutes earlier and found no hazards. Although this Court found that a jury issue existed regarding whether or not the defendant had constructive knowledge of the alleged hazard, we found that the plaintiff failed to exercise reasonable care and affirmed summary judgment for the defendant. *Edwards* was decided under an *Alterman Foods* analysis, so that a finding of the plaintiff's negligence was a bar to her recovery. However, even under the analysis described above, the outcome would have been the same. There was no dispute that the hangers were in plain view and should have been discovered by the plaintiff. Further, in an area, such as around dressing rooms, where one could reasonably expect to find discarded hangers, clothing, and other items, plaintiff's failure to scan the floor and ensure that there are no obstacles could be considered a plain, palpable, and indisputable failure to exercise care to detect an open and obvious danger. *Foodmax v. Terry*, supra; *Smith v. Wal-Mart Stores*, supra.

Such is not the situation in the case sub judice; a jury issue exists as to whether appellant exercised reasonable care for her own safety. Therefore, based upon the evidence in the record before the trial court, it was error for the trial court to grant appellees' motion for summary judgment, because to do so from the evidence, the trial court had to draw a negative inference against the appellant, which cannot be done on motion for summary judgment.

DECIDED JULY 16, 1997.

*Michael B. King*, for appellant.

*Swift, Currie, McGhee & Hiers, Susan A. Dewberry, Julia B. Haffke*, for appellees.